UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MYLES REHANA, ET AL.,**

Plaintiff,

**v.** **No. 4:26-cv-00238-P**

**ARLINGTON INDEPENDENT SCHOOL DISTRICT,**

Defendant.

## ORDER

Before the Court is Defendant Arlington Independent School District's Motion to Dismiss ("Motion"). ECF No. 4. Having considered the Motion and briefing, the Court finds that Defendant's Motions to Dismiss should be and hereby is **DENIED**.

A motion to dismiss under Federal Rule Civil Procedure 12(b)(6) is a poor vehicle for resolving claims of qualified immunity. *See Thomas v. City of Desoto*, No. 3:02-CV-0480-H, 2002 WL 1477392, at *1 n.1 (N.D. Tex. July 8, 2002) (accepting recommendation of Mag. J.). "Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground of dismissal." *Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring) (cited with approval in *Thomas*). For many cases, it is difficult to disagree with the sentiment that "summary judgment is the right way to handle claims of immunity." *Jacobs*, 215 F.3d at 775 (Easterbrook, J., concurring). Courts have discretion to dismiss Rule 12(b)(6) motions without prejudice to the defendant asserting the defense in a later motion filed pursuant to Fed. R. Civ. P. 12(c) or 56. *Randall v. Lockwood*, 666 Fed. App'x 333, 337 n.6 (5th Cir. 2016) (per curiam). The Court's discretion to defer ruling on qualified immunity when "further factual development is necessary" is a "narrow exception to the general rule that qualified immunity should be decided as early in the litigation as possible." *Id.*

The Court finds that more factual evidence is needed to make a determination on Defendant's qualified immunity defense as well as their other defenses. Accordingly, the Motions are hereby **DENIED** without prejudice as to Defendants raising their defenses in a later motion.

**SO ORDERED** on this **30th day of March 2026.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE