IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MYLES REHANA and BRIGID SCHULLERTS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-00238-P |
| | § | |
| ARLINGTON INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT ARLINGTON INDEPENDENT SCHOOL DISTRICT'S MOTION FOR RECONSIDERATION**

Defendant Arlington Independent School District (Arlington ISD or the District) files this Motion for Reconsideration of the Court's Order denying the District's Motion to Dismiss and, in support thereof, would respectfully show the Court as follows:

## I. INTRODUCTION

The Court denied Arlington ISD's Motion to Dismiss based on an analysis of qualified immunity under Federal Rule of Civil Procedure 12(b)(6), concluding that additional factual development was necessary before resolving immunity issues. (Dkt. 8). That analysis, however, does not address the grounds raised in the District's Motion to Dismiss. To that end, Arlington ISD did not move to dismiss on the basis of qualified immunity; rather, the District moved under Rule 12(b)(1), asserting governmental immunity as a jurisdictional bar to Plaintiffs' state-law claims and further asserted that 18 U.S.C. § 2520 does not provide for a cause of action against the District as a matter of law.

Because governmental immunity deprives the Court of subject-matter jurisdiction absent a valid waiver, it must be resolved as a threshold matter before the Court may proceed to the merits.

*Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 577 (1999) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94-95 (1998)). The Court's failure to address the jurisdictional issue constitutes a manifest error of law warranting reconsideration. Likewise, the Court's should reconsider the District's assertion regarding the ability to maintain a claim under 18 U.S.C. § 2520 as no factual development is necessary for the Court to analyze the statute and determine whether a private right of action exists thereunder.[1]

## II. LEGAL STANDARD

A district court retains the inherent authority to reconsider its orders under Federal Rule of Civil Procedure 54(b). In the Fifth Circuit, reconsideration is appropriate to correct manifest errors of law or fact where the Court has misunderstood the issues presented. *Austin v. Kroger Tex., L.P.,* 864 F.3d 326, 336 (5th Cir. 2017). The Fifth Circuit has recognized that reconsideration is particularly appropriate where a court "has patently misunderstood a party" or "has made a decision outside the adversarial issues presented." *Id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)). Where a court applies the wrong legal doctrine to a motion, reconsideration is necessary to ensure that the issues actually raised are properly adjudicated.

## III. ARGUMENT AND AUTHORITIES

### A. Plaintiffs' state tort law claims are barred by governmental immunity.

Governmental immunity is fundamentally different from qualified immunity, and that distinction is dispositive here. Governmental immunity is a jurisdictional doctrine that deprives courts of subject-matter jurisdiction absent a valid waiver, whereas qualified immunity is a merits-based defense available to individual officials. The Texas Supreme Court has held unequivocally

---

[1] In accordance with Federal Rule of Civil Procedure 10(c), the District adopts, as if set forth fully herein, its Motion to Dismiss and Brief in support. (Dkt. 4; Dkt. 5).

that immunity from suit "deprives a court of subject matter jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 224 (Tex. 2004). Federal courts applying Texas law follow that rule, recognizing that governmental immunity is properly raised under Rule 12(b)(1) and must be resolved as a jurisdictional question. *Warnock v. Pecos County,* 88 F.3d 341, 343 (5th Cir. 1996); *Bennett-Nelson v. La. Bd. of Regents,* 431 F.3d 448, 451 (5th Cir. 2005).

By contrast, qualified immunity is a defense to liability, not a limitation on jurisdiction. The Supreme Court has repeatedly described qualified immunity as shielding officials from liability unless their conduct violates clearly established law. *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). The Fifth Circuit likewise treats qualified immunity as a merits-based defense typically resolved under Rule 12(b)(6) or summary judgment. *Brown v. Callahan,* 623 F.3d 249, 253 (5th Cir. 2010). Because qualified immunity does not deprive a court of jurisdiction, it may be deferred for factual development. Governmental immunity, however, cannot be deferred in the same manner because it determines whether the Court has the power to act at all. *Steel Co.* 523 U.S. 83, 94-95 (1998) (holding that jurisdiction must be established as a threshold matter and cannot be assumed for purposes of reaching the merits).

The Court's Order conflates these distinct doctrines by applying qualified immunity principles to a jurisdictional motion. (Dkt. 8). That approach is inconsistent with controlling law. The Fifth Circuit has made clear that courts must address jurisdictional challenges before considering merits defenses. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) (noting that Rule 12(b)(1) challenges should be resolved before Rule 12(b)(6) issues). Likewise, the Supreme Court has emphasized that a court "cannot proceed at all in any cause" without jurisdiction. *Steel Co.,* 523 U.S. at 94. By analyzing qualified immunity instead of governmental immunity, the Court effectively bypassed the threshold jurisdictional inquiry required by these

authorities.

That error is particularly significant because Arlington ISD's Motion expressly invoked Rule 12(b)(1) and challenged Plaintiffs' failure to plead a waiver of governmental immunity. (Dkt. 5). Under Fifth Circuit precedent, the burden rests on Plaintiffs to establish subject-matter jurisdiction. *See Ramming,* 281 F.3d at 161. Where governmental immunity is asserted, that burden requires Plaintiffs to plead facts demonstrating a clear and unambiguous waiver. *Miranda,* 133 S.W.3d at 225-26. Federal courts routinely dismiss claims under Rule 12(b)(1) where plaintiffs fail to meet that burden. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (recognizing the court's obligation to confirm jurisdiction before proceeding).

The Court's suggestion that further factual development is necessary is also inconsistent with Rule 12(b)(1) jurisprudence. When a defendant raises a facial challenge to jurisdiction, the Court evaluates whether the pleadings, taken as true, establish jurisdiction as a matter of law. *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981). If the pleadings fail to establish jurisdiction, dismissal is required without discovery. *Ramming,* 281 F.3d at 161-62. Because governmental immunity is jurisdictional, courts routinely resolve it at the pleading stage without permitting discovery. *Warnock*, 88 F.3d at 343.

Even under that standard, Plaintiffs cannot establish jurisdiction here. The Texas Tort Claims Act (TTCA) provides only a narrow waiver of immunity for school districts, limited to injuries arising from the operation or use of a motor vehicle. TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.051. The Texas Supreme Court has held that this waiver requires a direct causal nexus between the vehicle's operation and the injury, and that a vehicle does not cause injury when it merely furnishes the condition that makes the injury possible. *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 543 (Tex. 2003). Federal courts applying that standard consistently reject

attempts to invoke the TTCA where a vehicle is merely the location of the alleged harm. *Pierce v. Hearne Indep. Sch. Dist.,* 600 F. App'x 194, 197 (5th Cir. 2015); *Herring v. Dallas County Schools,* No. 3:99-CV-1538-P, 2000 WL 370623 (N.D. Tex. Apr. 11, 2000).

Additionally, Plaintiffs' invasion of privacy claim is barred as a matter of law because it is an intentional tort, and the TTCA expressly excludes intentional torts from any waiver of immunity. Courts applying Texas law have consistently held that invasion of privacy claims fall within this exclusion and must be dismissed for lack of jurisdiction. *Jones v. Houston Indep. Sch. Dist.,* 979 F.2d 1004, 1007 (5th Cir. 1992); *Johnson v. MHMR Auth. of Brazos Valley,* 706 F. Supp. 3d 710, 719 (S.D. Tex. 2023). Because Plaintiffs' own allegations establish intentional conduct, no waiver exists, and the Court lacks jurisdiction over those claims.

In sum, the Court's Order rests on a legal framework that does not apply to Arlington ISD's Motion. The Fifth Circuit has made clear that reconsideration is appropriate where a court applies the wrong legal standard or fails to address the issues actually presented. *Austin,* 864 F.3d at 336. Because Defendant raised a jurisdictional challenge under Rule 12(b)(1), the Court was required to determine whether Plaintiffs established a waiver of governmental immunity. Its failure to do so requires reconsideration.

**B. 18 U.S.C. § 2510 does not provide a cause of action against the District.**

In its Motion to Dismiss, relying on case law from the Seventh Circuit, the District explained why 18 U.S.C. § 2520 does not provide for a civil cause of action against Arlington ISD as a governmental entity. *See Seitz v. City of Elgin*, 719 F.3d 654 (7th Cir. 2013). This argument does not require any factual development on the part of the parties; instead, it requires a statutory construction analysis already provided by the Seventh Circuit. Because the District's arguments regarding Plaintiffs' ability to maintain a cause of action under 18 U.S.C. § 2520 does not invoke

the qualified immunity analysis and can otherwise be decided on the face of the pleadings, the District respectfully requests that the Court reconsider its order in this regard.

WHEREFORE, PREMISES CONSIDERED, the District respectfully requests that this Court grant its Motion for Reconsideration in accordance with Rule 54(b), reconsider the District's Motion to Dismiss, and issue an order dismissing Plaintiffs' Original Complaint. The District prays for such other and further relief to which it may show itself justly entitled, including attorneys' fees and court costs.

Respectfully submitted,

By: /s/ Meredith Prykryl Walker

Meredith Prykryl Walker
State Bar No. 24056487

WALSH GALLEGOS KYLE
ROBINSON & DE LOS SANTOS P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com

ATTORNEYS FOR DEFENDANT
ARLINGTON INDEPENDENT
SCHOOL DISTRICT

**CERTIFICATE OF SERVICE**

On April 6, 2026, I electronically submitted the foregoing document with the clerk of court for the United States District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Suzanne M. Anderson
Valli Kane & Vagnini LLP

/s/ Meredith Prykryl Walker
Meredith Prykryl Walker