**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FT. WORTH DIVISION**

| | | |
|---|---|---|
| **MYLES REHANA and BRIGID SCHULLERTS,** | } | |
| **Plaintiffs** | } | **CIVIL ACTION NO.** |
| **v.** | } | **4:26-cv-00238-P** |
| **ARLINGTON INDEPENDENT SCHOOL DISTRICT,** | } | |
| **Defendant** | } | |

**JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

COME Now the Plaintiffs Myles Rehana and Brigid Schullerts and Defendant Arlington Independent School District (hereafter "the Parties") and pursuant to the Court's Order of March 30, 2026, file this Joint Report Regarding Contents of Scheduling Order.

**1. A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, statement on whether meaningful progress toward settlement was made, and a statement on the prospect of settlement—without disclosing settlement figures:**

Counsel for the parties met face-to-face and in person on April 6, 2026 in the law offices of Walsh Gallegos Kyle Robinson & De Los Santos PC., located at 105 Decker Court, Suite 700, Irving, Texas 75062. Suzanne M. Anderson, counsel for the Plaintiffs and Meredith Prykryl Walker, counsel for the Defendant met to confer, and then prepared this Joint Report.

During the face-to-face conference, counsel for the parties discussed the possibilities for prompt resolution of this case. While no resolution was reached, the Parties agree that early mediation of this case should be attempted after the initial discovery has been conducted. The

Parties have agreed to attempt mediation in this case on or before April 5, 2027, and foresee no issues with agreeing to a mediator.

The Parties respectfully note that certain proposed deadlines in this Joint Report deviate from the Court's standard scheduling order. For the Court's consideration, the Parties provide additional context and justification for these requested modifications in Section 16 below.

**2. Nature and Basis of the Claims and Defenses**

Plaintiffs: This is an action brought by Plaintiffs for secret audiotaping by Defendant in violation of the Electronic Communications Privacy Act, 18 U.S.C. Section 2520. Plaintiffs, former employees of the Defendant, seek damages because their oral and electronic communications were intercepted, disclosed and intentionally used by Defendant in violation of the Act.

Defendant: Defendant contends the Court lacks subject matter jurisdiction over Plaintiffs' state law tort claims and, further, that Plaintiffs cannot maintain a cause of action under 18 U.S.C. § 2520 against Defendant, as a governmental entity, as a matter of law. Moreover, Defendant generally denies Plaintiffs' allegations and states none of Defendant's alleged actions violated the Electronic Communications Privacy Act.

**3. A brief statement on whether there is "an obvious factual nexus to the Fort Worth Division," as contemplated in Section II(b) of the Judge's Requirements.**

Venue is proper in the Fort Worth Division because Defendant is a public school district located in Tarrant County, Texas, within the Fort Worth Division of the Northern District of Texas; Plaintiffs reside in or around Tarrant County and the events giving rise to the claims occurred within the District's geographic boundaries. Relevant witnesses, school personnel, and documentary evidence are located in Tarrant County. Accordingly, this Division is a convenient

and appropriate forum under 28 U.S.C. § 1404 and the private- and public-interest factors articulated in *In re Volkswagen of America, Inc.,* 545 F.3d 304 (5th Cir. 2008) (en banc).

**4. A proposed time limit to amend pleadings and join parties.**

Deadline to Join Parties**:** July 20, 2026

Deadline to Amend Pleadings: July 20, 2026

**5. A proposed time limit for dispositive motions.**

The Parties anticipate that dispositive motions, including motions for summary judgment may resolve some or all of the issues in this case.

Deadline to file Dispositive Motions**:** May 31, 2027

**6. A proposed time limit for initial designation of experts and responsive designation of experts.**

The Parties propose the following deadlines:

Deadline for Expert Designation: December 11, 2026

Deadline for Rebuttal Expert Designation: January 22, 2027

**7. A proposed time limit for objections to experts.**

The Parties propose that all objections to expert testimony, including Daubert motions, be filed no later than April 26, 2027.

**8. A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases:**

**a. Subjects:** Plaintiffs anticipate that discovery will be needed on Plaintiffs' employment history with the Defendant, names and contact information of employees or former employees, Defendant's policies and procedures relating to the facilities and vehicles in which the Plaintiffs worked, audio recording devices utilized by the Defendant, including but not limited to the Samsara application used in the vehicles, employee complaints of discrimination received by

the Defendant's managers and actions taken by Defendant in response to complaints of harassment. Discovery also may be needed on the Plaintiffs' lost wages and mental and physical emotional harm suffered as a result of the secret audiotaping. Defendant anticipate discovery will be needed on Plaintiffs' allegations, their knowledge regarding audio recording devices utilized by Defendant, and Plaintiffs' alleged damages.

**b. Time limit for completing discovery:** April 26, 2027

**c. Phases:** The parties agree that discovery should not be conducted in phases.

**9. A statement on whether any limitations on discovery need to be imposed, and if so, what limitations:**

The parties do not request nor recommend any proposed changes to the FRCP discovery limitations.

**10. A statement on how to disclose and conduct discovery on electronically-stored information ("ESI") and any statement or disputes over disclosure and discovery of ESI:**

The Parties are not aware of any dispute concerning the disclosure or discovery of electronically stored information. Should a dispute arise, the Parties will attempt to resolve it before turning to the Court for guidance or determination. The Parties have agreed that electronic discovery will be subject to any protective order entered by the Court. The Parties have agreed that they will produce responsive data either via optical disk (CD, DVD) or other appropriate digital storage device (e.g., hard disk, flash drive), via OneHub or Hightail, or in other formats agreed upon by the Parties. The Parties have agreed to produce responsive documents in multi-page, PDF format, that is editable, and that is not password protected. Notwithstanding the foregoing, responsive spreadsheet files (including, but not limited to, Microsoft Excel files) shall be produced in their native format (e.g., .xlsx or .xls) to preserve formulas, underlying data, and associated

metadata. Such native spreadsheet files shall be produced in a reasonably usable form and without alteration of their contents

**11. A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded:**

The Parties propose a trial setting on November 8, 2027. The Parties estimate that the trial will require 3-5 days. Plaintiffs have demanded a jury trial.

**12. Proposed mediation date:** April 5, 2027

**13. A statement on when and how disclosures under Fed. R. Civ. P. 26(1) were made or will be made:**

The Parties will exchange initial disclosures within fourteen (14) days of April 6, 2026, in accordance with the Court's Order and Federal Rule of Civil Procedure 26(a)(1).

**14. A statement on whether the parties will consent to a trial (jury or bench) before a United States Magistrate Judge**

The Parties consent to trial before a U.S. Magistrate Judge**.**

**15. Conference with the Court:**

The Parties do not believe a conference with the Court is necessary at this time unless the Court determines that such conference would be beneficial.

**16. Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial and other orders that the Court should enter under Fed. R. Civ. P. 16(b), 16(c), and 26(c).**

The Parties anticipate that a protective order will be needed given that medical and personal records of the Plaintiffs and employment records of other employees will be part of the discovery process. The Parties also anticipate that the Defendant will have proprietary and security information that may be subject to a protective order. The Parties will discuss the need for a protective order and expect to submit a joint protective order for the Court's review.

The Parties acknowledge that the deadlines proposed herein deviate from the Court's standard scheduling order. However, at the time of the filing of this complaint, Plaintiffs have filed two additional outstanding charges of discrimination against Defendant that remain pending with the EEOC, claiming disability discrimination and retaliation under the Americans with Disabilities Act. The EEOC is continuing its investigation of these two charges that relate to the Plaintiffs' claims in this complaint and their employment with the Defendant. In the interest of judicial economy and efficiency, and to avoid duplicative discovery and piecemeal litigation, the Parties jointly propose the modified deadlines set forth so that the Electronic Communication Privacy Act and ADA claims may all be addressed in a comprehensive pleading and discovery process.

**17. Whether the parties have read and agree to abide by the following rules and authorities**:

a. ***Dondi Properties Corp. v. Commerce Savings & Loan Association*, 121 F.R.D. 284 (N.D. Tex. 1988)**

b. **The Local Civil Rules of the U.S. District Court for the Northern District of Texas.**

c. **The Texas Lawyer's Creed; and**

d. **The Texas Rules of Professional Conduct.**

The Parties acknowledge their obligations under the above authorities and agree to conduct this matter in accordance with those standards of professionalism and civility.

**Agreed as to form and content on this 6th day of April, 2026.**

Respectfully submitted,

/s/ *Suzanne M. Anderson*
Suzanne M. Anderson
Texas State Bar No. 14009470
sanderson@vkv.law

Valli Kane & Vagnini LLP
1825 Market Center Blvd,

Dallas, TX 75207
(214) 797-9021 (cell)
(516) 203-7180 (phone)
(516) 706-0248 (fax)

ATTORNEY FOR THE PLAINTIFF

By: /s/ Meredith Prykryl Walker________
Meredith Prykryl Walker
State Bar No. 24056487

WALSH GALLEGOS KYLE
ROBINSON & De LOS SANTOS P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
(214) 574-8800
(214) 574-8801 (facsimile)
mwalker@wabsa.com

ATTORNEYS FOR DEFENDANT
ARLINGTON INDEPENDENT
SCHOOL DISTRICT

**CERTIFICATE OF SERVICE**

On April 6, 2026, I electronically submitted the foregoing document with the clerk of court for the United States District Court for the Northern District of Texas using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Suzanne M. Anderson
VALLI KANE & VAGNINI, LLP
1825 Market Center Blvd
Dallas, Texas 75207

/s/Meredith Prykryl Walker__________
Meredith Prykryl Walker