**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MYLES REHANA and BRIGID SCHULLERTS,** | § | |
| | § | |
| ***Plaintiffs*,** | § | **CIVIL ACTION NO. 4:26-cv-238** |
| | § | |
| **v.** | § | |
| | § | |
| **ARLINGTON INDEPENDENT SCHOOL DISTRICT** | § | **JURY TRIAL DEMANDED** |
| | § | |
| ***Defendant*.** | § | |

**PLAINTIFFS' MOTION TO FIND DEFENDANT'S MOTION TO DISMISS MOOT OR ALTERNATIVELY TO EXTEND DEADLINES**

Plaintiffs Myles Rehana and Brigid Schullerts ("Plaintiffs") file this motion respectfully requesting that the Court find Defendant's Motion to Dismiss (Dkt. No. 4) is moot, or alternatively to extend Plaintiffs' deadline to respond to Defendants' Motion to Dismiss, and in support shows the following:

1. Plaintiffs filed their Original Complaint on March 3, 2026, 2025. (Dkt. No. 1).

2. On April 8, 2025, Defendant's Motion to Reconsideration was granted and Defendant's Motion to Dismiss was reinstated on the docket. (Dkt. Nos. 4, 14). Per the Court's order, Plaintiff's deadline to respond to Defendant's Motion to Dismiss is April 29, 2026. (Dkt. No. 14).

3. However, on April 28, 2026, Plaintiffs filed their Amended Complaint. (Dkt. No. 18).

4. "The filing of an amended complaint generally renders pending motions [to dismiss] moot." *Tanner v. Loving County Sheriff's Department*, 2026 WL 454992, at *1 (W.D. Tex. 2026) citing *Stredwick v. Dall. Margarita Soc'y, Inc.* No. 12-CV_623, at * (N.D. Tex. June

27, 2012). This is especially true where the amended complaint contains substantive changes from the Original Complaint. *Id*.

5. Here, Plaintiffs' Amended Complaint adds several new claims alleging disability discrimination and retaliation, the supporting facts of which, overlap significantly with Plaintiffs' claims in their Original Complaint. (Dkt. No. 1, 18).

6. Accordingly, Plaintiffs respectfully request that the Court find Defendant's Motion to Dismiss has become moot.

7. Alternatively, should the Court not find Plaintiffs' Amended Complaint renders Defendant's Motion to Dismiss moot, Plaintiffs respectfully request an extension of their response deadline to 10 days from the determination of this motion in order to properly respond to Defendant's Motion to Dismiss. (Dkt. No. 4).

8. Federal Rule of Procedure 6(b) allows the Court to extend such deadlines for "good cause." FED. R. CIV. P. 6(b).

9. Here, good cause exists because an extension will allow Defendant to assess Plaintiffs' Amended Complaint and amend their motion to dismiss to address the new claims and other substantive changes Plaintiffs now allege. Moreover, granting an extension will preserve judicial resources by allowing the parties and the Court to address all contested matters in a single instance, instead of by multiple piecemeal motions.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court find that Defendant's Motion to Dismiss is rendered moot by Plaintiffs' Amended Complaint. Alternatively, Plaintiffs respectfully requests an extension of their response deadline to 10 days from the determination of this motion in order to properly respond to Defendant's Motion to Dismiss. Plaintiffs requests all

other and further relief, in law or in equity, to which the Court deems Plaintiffs are justly entitled.

Dated: April 28, 2026

Respectfully submitted,

*/s/ Brian Pounds*

Suzanne M. Anderson
Texas State Bar No. 14009470
sanderson@vkv.law
**VALLI KANE & VAGNINI LLP**
1825 Market Center Blvd,
Dallas, TX 75207
(516) 203-7180 (phone)
(516) 706-0248 (fax)
(214) 797-9021 (cell)

Brian Pounds
Texas State Bar No. 24126432
bpounds@vkv.law
**VALLI KANE & VAGNINI LLP**
11149 Research Blvd, Suite 100
Austin, Texas 78759
Telephone: (737) 808-2263

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2026, a true and correct copy of the foregoing document was served on counsel of record through the Court's ECF System

*/s/ Brian Pounds*
Brian Pounds

**CERTIFICATE OF CONFERENCE**

I hereby certify that on April 22, 2026, I contacted Defendants' counsel of record by email to ascertain whether Defendants are opposed to the above-requested relief and Defendant's counsel of record indicated they are not opposed to the relief sought by the foregoing motion.

*/s/ Brian Pounds*
Brian Pounds