IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MYLES REHANA and BRIGID SCHULLERTS | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. 4:26-cv-00238-BJ |
| v. | § | |
| | § | |
| ARLINGTON INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT ARLINGTON INDEPENDENT SCHOOL DISTRICT'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Meredith Prykryl Walker
Nicole Blaylock Thomas
WALSH GALLEGOS KYLE
ROBINSON & DE LOS SANTOS P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com
nblaylockthomas@wabsa.com

ATTORNEYS FOR DEFENDANT
ARLINGTON INDEPENDENT
SCHOOL DISTRICT

**TABLE OF CONTENTS**


I. FACTUAL ALLEGATIONS .......... 1

II. MOTION TO DISMISS - RULE 12(b)(1) .......... 2

A. Federal Rule of Civil Procedure 12(b)(1) .......... 2

B. The contours of governmental immunity .......... 2

C. Plaintiffs' invasion of privacy claims are barred by governmental immunity .......... 5

1. Plaintiffs' invasion of privacy claims are independently barred as an intentional tort .......... 5

2. The Texas Tort Claims Act provides only a narrow waiver of immunity for school districts .......... 8

3. Plaintiffs cannot allege a causal nexus between vehicle operation and their alleged injury .......... 9

4. Plaintiffs' allegations establish that the vehicles were merely the setting of the alleged conduct .......... 10

5. Plaintiffs cannot allege that any employee's operation of a vehicle caused their injury .......... 11

III. MOTION TO DISMISS - RULE 12(b)(6) .......... 12

A. Federal Rule of Civil Procedure 12(b)(6). .......... 12

B. 18 U.S.C. § 2510 does not provide a cause of action against the District .......... 13

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
566 U.S. 662 (2009) .......... 13

*Bennett-Nelson v. La. Bd. of Regents*,
431 F.3d 448, 451 (5th Cir. 2005) .......... 4

*Billings v. Atkinson*,
489 S.W.2d 858 (Tex. 1973) .......... 6, 7

*City of Dallas v. Albert*,
354 S.W.3d 368 (Tex. 2011) .......... 9

*City of Houston v. Williams*,
353 S.W.3d 128 (Tex. 2011) .......... 4

*City of Watauga v. Gordon*,
434 S.W.3d 586 (Tex. 2014) .......... 6, 7, 8

*Dallas Area Rapid Transit v. Whitley*,
104 S.W.3d 540 (Tex. 2003) .......... 9, 11, 12

*Davenport v. Rodriguez*,
147 F. Supp. 2d 630 (S.D. Tex. 2001) .......... 6

*Harris County v. Cabazos*,
177 S.W.3d 105 (Tex. App.—Houston [1st Dist.] 2005, no pet) .......... 8

*Harris County v. Sykes*,
136 S.W.3d 635 (Tex. 2004) .......... 3, 4

*Hernandez v. Calallen ISD*, No. 2:21-CV-00225,
2023 WL 6393179 (S.D. Tex. Sept. 29, 2023) .......... 10

*Herring v. Dallas County Schools*, 399-CV-1538-P,
2000 WL 370623 (N.D. Tex. Apr. 11, 2000). .......... 11

*Home Builders Ass'n of Miss., Inc. v. City of Madison Miss.*,
143 F.3d 1006 (5th Cir. 1998) .......... 2

*Jeanty v. TXFM, Inc.*, No. 4:19-CV-366,
2020 WL 5651636 (E.D. Tex. Sept. 23, 2020) .......... 13

*Johnson v. MHMR Auth. of Brazos Valley*,
706 F. Supp. 3d 710 (S.D. Tex. 2023) ........ 3, 6

*Jones v. Houston Indep. Sch. Dist.*,
979 F.2d 1004 (5th Cir. 1992)........ 6

*Lane v. Halliburton*,
529 F.3d 548 (5th Cir. 2008)........ 4

*MCG, Inc. v. Great W. Energy Corp.*,
896 F.2d 170 (5th Cir. 1990)........ 2

*Mission Consol. Indep. Sch. Dist. v. Garcia*,
253 S.W.3d 653 (Tex. 2008) ........ 2, 3, 8, 9

*Paterson v. Weinberger*,
644 F.2d 521 (5th Cir. 1981)........ 4

*Pierce v. Hearne ISD*,
600 F. App'x 194 (5th Cir. 2015). ........ 10, 12

*Ramming v. United States*,
281 F.3d 158 (5th Cir. 2001)........ 2, 12

*Reata Constr. Corp. v. City of Dallas*,
197 S.W.3d 371 (Tex. 2006). ........ 3

*Rios v. City of Del Rio*,
444 F.3d 417 (5th Cir. 2006)........ 12

*Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*,
571 S.W.3d 738 (Tex. 2019) ........ 3

*Ruhrgas AG v. Marathon Oil Co.*,
526 U.S. 574 (1999) ........ 2

*Seitz v. City of Elgin*,
719 F.3d 654 (7th Cir. 2013)........ 13, 14, 16

*Taylor v. Books A Million, Inc.*,
296 F.3d 376 (5th Cir. 2002)........ 13

*Tex. Dep't of Parks & Wildlife v. Miranda*,
133 S.W.3d 217 (Tex. 2004) ........ 3, 4

*Tooke v. City of Mexia*,
197 S.W.3d 325 (Tex. 2006) ........................................ 3

*Turner v. Houston ISD*, No. H–13–0867,
2013 WL 3353956 (S.D. Tex. July 3, 2013). ........................................ 10

*Valenzuela v. Aquino*,
853 S.W.2d 512 (Tex. 1993) ........................................ 7

*Voluntary Purchasing Groups, Inc. v. Reilly*,
889 F.2d 1380 (5th Cir. 1989 ........................................ 2

*Warnock v. Pecos County*,
88 F.3d 341 (5th Cir. 1996) ........................................ 4

*Williamson v. Tucker*,
645 F.2d 404 (5th Cir. 1981) ........................................ 2

**STATUTES, REGULATIONS, AND RULES**

18 U.S.C. § 2520 ........................................ 13

FED. R. CIV. P. 12(b)(6) ........................................ 12

TEX. CIV. PRAC. & REM. CODE § 101.001(3) ........................................ 3

TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B) ........................................ 3

TEX. CIV. PRAC. & REM. CODE §§ 101.021 ........................................ 8, 11

TEX. EDUC. CODE § 11.151(a) ........................................ 4

TEX. GOV'T CODE § 311.034 ........................................ 4, 9

**OTHER AUTHORITIES**

3 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1216 ........................................ 12

Restatement (Second) of Torts § 652B ........................................ 7

**DEFENDANT ARLINGTON INDEPENDENT SCHOOL DISTRICT'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Arlington Independent School District (Arlington ISD or the District), in accordance with Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), files this Brief in support of its Motion for Partial Dismissal of Plaintiffs' First Amended Complaint and, in support thereof, would respectfully show the Court as follows:

## I. FACTUAL ALLEGATIONS[1]

Plaintiffs were employed by Arlington ISD as security personnel tasked with patrolling campuses. (Dkt. 19, ¶¶13-17). Their duties required them to operate and remain inside District-issued vehicles for most of their workday while responding to incidents, monitoring campuses, and communicating with other personnel. (Dkt. 19, ¶¶13-17). Plaintiffs allege that the District equipped these vehicles with a monitoring system capable of recording audio and video. (Dkt. 19, ¶18). According to Plaintiffs, they were not informed of the system's audio-recording capability until December 2024, when a supervisor allegedly replayed a recorded conversation. (Dkt. 19, ¶¶18, 39). Plaintiffs further allege that they routinely communicated while inside the vehicles, including speaking with one another and with third parties via cellular phones using speaker mode or Bluetooth. (Dkt. 19, ¶¶20). These communications allegedly included workplace discussions and conversations regarding alleged harassment.[2] (Dkt. 19, ¶¶31-33).

---

[1] The factual allegations set forth herein are taken from Plaintiffs' First Amended Complaint and are adopted solely for the purposes of Arlington ISD's Motion for Partial Dismissal. As such, the District does not concede Plaintiffs' allegations are true and accurate, and, further, does not waive its right to deny and/or contest any of the factual allegations contained in the Original Complaint or any subsequent amended complaint(s) filed with the Court.

[2] The District has intentionally omitted numerous factual allegations from its Motion for Partial Dismissal. The omitted allegations relate to Plaintiffs' claims under the Americans with Disabilities Act, Title VII, and the Texas Labor Code. Because Arlington ISD is not moving to dismiss those claims at this stage in the proceedings, the District only set forth the factual allegations necessary to address Plaintiffs' state law tort claim for invasion of privacy. Moreover, Arlington ISD is requesting dismissal of Plaintiffs' claims under the Electronic Communications Privacy Act (ECPA) as a matter of law notwithstanding Plaintiffs' factual allegations related to the ECPA claim.

## II. MOTION TO DISMISS - RULE 12(b)(1)

**A. Federal Rule of Civil Procedure 12(b)(1).**

A case may be dismissed for lack of subject-matter jurisdiction "when the court lacks statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal citation omitted). Because federal courts are courts of limited jurisdiction, this Court must dismiss any case over which the Court does not possess subject-matter jurisdiction. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). It follows that the Court must consider Arlington ISD's Rule 12(b)(1) motion to dismiss before any other challenge to Plaintiff's pleading because subject-matter jurisdiction is "a threshold matter" that is "inflexible and without exception." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).

The burden of proof on a Rule 12(b)(1) motion to dismiss lies with the party asserting a lack of jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When ruling on a 12(b)(1) motion to dismiss, the Court may consider: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, the undisputed facts, and the Court's resolution of disputed facts. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 176 (5th Cir. 1990) (*citing Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981),); *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989).

**B. The contours of governmental immunity.**

Governmental immunity exists to protect political subdivisions from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 654, n.2, 655 (Tex. 2008). The doctrine has deep common-law roots, reflecting the principle that the sovereign may not be subjected to suit without its own consent. *Tooke v. City of Mexia*, 197 S.W.3d 325, 331

(Tex. 2006) (noting Texas first recognized sovereign immunity in 1847 based on a rule then more than six centuries old). Although originally rooted in the feudal fiction that the king could do no wrong, modern Texas jurisprudence sustains the doctrine on practical grounds—protecting public funds, ensuring separation of powers, and preventing the government from being unduly hampered in providing services to the public. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374-75 (Tex. 2006).

Texas governmental immunity encompasses two distinct but equally protective doctrines. Immunity from suit precludes an action against governmental entities unless the state legislature expressly consents in clear and unambiguous language, while immunity from liability shields governmental entities from judgments even if the legislature has expressly waived their immunity from suit. *Mission*, 253 S.W.3d at 654 n.2; *Tooke*, 197 S.W.3d at 332. Critically, immunity from suit is jurisdictional—it deprives a court of the power to hear and decide the claim. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). "[B]oth types of immunity afford the same degree of protection and both levels of government are subject to the Texas Tort Claims Act [TTCA]." J*ohnson v. MHMR Auth. of Brazos Valley*, 706 F. Supp. 3d 710, 719 (S.D. Tex. 2023) (citing *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); TEX. CIV. PRAC. & REM. CODE § 101.001(3)).

In this case, Arlington ISD is a "governmental unit" as that term is expressly defined in the TTCA. TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B) (defining "governmental unit" to include "a political subdivision of this state, including any . . . public school district"). As a political subdivision of the state of Texas, Arlington ISD shares in the state's inherent immunity when performing governmental functions as the State's agent. *Mission*, 253 S.W.3d at 655; *Rosenberg Dev. Corp. v. Imperial Performing Arts, Inc.*, 571 S.W.3d 738, 746 (Tex. 2019); TEX. EDUC. CODE

§ 11.151(a) (conferring on independent school districts the power to "sue and be sued," thereby confirming their status as distinct governmental entities subject to immunity doctrine). Because immunity is a function of sovereign status, Arlington ISD retains immunity from suit unless a specific, affirmative, and legislatively authorized waiver applies. TEX. GOV'T CODE § 311.034; *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011).

Because immunity from suit is jurisdictional, a claim brought against a governmental entity without a valid waiver must be dismissed for lack of subject-matter jurisdiction regardless of the forum. Federal courts are no exception. *Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (governmental immunity deprives courts of subject-matter jurisdiction unless waived). Federal courts recognize that immunity-based challenges are properly raised under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996); *Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 451 (5th Cir. 2005). As such, federal courts have an independent, non-waivable obligation to confirm the existence of subject-matter jurisdiction before proceeding, and may raise jurisdictional defects sua sponte at any stage of the proceedings. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008).

Here, Arlington ISD brings a facial challenge to jurisdiction. A facial attack accepts the well-pleaded allegations as true and challenges whether those allegations, taken at face value, are legally sufficient to establish jurisdiction. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Even accepting Plaintiffs' allegations as true, Plaintiffs have failed to plead facts establishing a waiver of immunity. Because it is the plaintiff's burden to affirmatively plead facts demonstrating a valid waiver of immunity, failure to do so requires dismissal. *Miranda*, 133 S.W.3d at 225-26. The burden is not a mere formality and Plaintiffs must plead specific facts showing that a recognized statutory waiver applies to their particular claim. General invocations

of federal jurisdiction are insufficient where, as here, governmental immunity operates as a discrete jurisdictional bar to the specific state-law claim asserted.

Here, Plaintiffs' invasion of privacy claim does not fall within any waiver of Arlington ISD's governmental immunity. As set forth below, the only potential waiver available to a plaintiff suing a Texas school district in tort is the narrow motor vehicle waiver in the TTCA, and Plaintiffs' own allegations affirmatively negate that waiver. TEX. CIV. PRAC. & REM. CODE § 101.051. No other statutory waiver applies. Regardless, the Court never reaches that waiver because invasion of privacy is an intentional tort. Because Plaintiffs bear the burden to affirmatively demonstrate jurisdiction and have failed to plead facts establishing any waiver of immunity, this Court lacks subject-matter jurisdiction over their invasion of privacy claim, and dismissal under Rule 12(b)(1) is required.

**C. Plaintiffs' invasion of privacy claims are barred by governmental immunity.**

Plaintiffs' invasion of privacy claims must be dismissed because the claims fall squarely outside the narrow waiver of governmental immunity provided by the TTCA. Plaintiffs' own pleadings establish that their claims are predicated on intentional conduct, which is independently excluded from the TTCA's waiver. Regardless, Plaintiffs' theory of liability is not based on the operation or use of a motor vehicle, but instead on the alleged recording of conversations occurring within District-owned vehicles. Texas law is clear that such allegations—where the vehicle serves only as the location of the alleged injury—do not satisfy the TTCA's waiver requirements. Plaintiffs cannot establish jurisdiction, accordingly, and dismissal is required.

**1. Plaintiffs' invasion of privacy claims are independently barred as an intentional tort.**

The TTCA expressly excludes claims arising out of intentional torts. TEX. CIV. PRAC. & REM. CODE § 101.057(2). This exclusion is absolute and cannot be circumvented through artful

pleading. To that end, § 101.057(2) of the TTCA provides that the Act "does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort." *Id.* The Texas Supreme Court has interpreted this provision broadly, holding that courts must look to the "gravamen" of the plaintiff's claim—not its label—to determine whether it arises out of an intentional tort. *City of Watauga v. Gordon*, 434 S.W.3d 586, 591 (Tex. 2014) (reversing court of appeals and dismissing claim where gravamen of complaint was battery, not negligence; holding that a plaintiff cannot use artful pleading to recast intentional conduct as negligence to circumvent the TTCA). The Fifth Circuit and federal courts sitting in Texas are in accord. J*ones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) (holding that school district was immune from state-law intentional tort claims, including invasion of privacy-related claims, under §§ 101.051 and 101.057).

Federal district courts in Texas have consistently applied this exclusion to invasion of privacy claims against governmental entities. In *Johnson*, the court held that invasion of privacy claims against a governmental entity are barred because invasion of privacy is an intentional tort and falls within the TTCA's express exclusion. *Johnson v. MHMR Authority of Brazos Valley*, 706 F. Supp. 3d 710 at 719 (S.D. Tex. 2023). Similarly, in *Davenport*, the court held that intentional tort allegations "are not waived by the TTCA" and are "absolutely barred by sovereign immunity." *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 641 (S.D. Tex. 2001) (citing *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d at 1007).

Invasion of privacy is an intentional tort under Texas law established by the foundational case law governing the claim itself. The Texas Supreme Court first recognized invasion of privacy as an actionable tort in *Billings*, a case arising directly from the unauthorized wiretapping of a plaintiff's telephone conversations. *Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex. 1973). The

Court characterized the tort as a "willful invasion of the right of privacy," holding that the intentional nature of the intrusion was intrinsic to the cause of action. *Id.* The facts of *Billings* are strikingly analogous here: just as the defendant in *Billings* tapped telephone lines to covertly record private conversations, Plaintiffs allege that Arlington ISD covertly recorded their workplace conversations through audio monitoring equipment. Under *Billings*, such conduct constitutes the quintessential willful privacy invasion—and has been treated as intentional by Texas courts for over fifty years. *Id.*

The elements of the tort confirm its intentional character. The Texas Supreme Court in *Valenzuela*, building directly on *Billings* and Restatement (Second) of Torts § 652B, established that an intrusion-upon-seclusion claim requires: (1) an **intentional** intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person. *Billings v. Atkinson*, 853 S.W.2d 512, 513 (Tex. 1993) (emphasis added). Intentionality is not merely an element of the tort; it is the **first** element, embedded in the very definition of the cause of action. There is no such thing as a negligent invasion of privacy in Texas: a plaintiff who cannot prove an intentional intrusion has no claim at all. Because the *Valenzuela* elements are the same elements Plaintiffs must prove to prevail, Plaintiffs' claims are, by definition, intentional torts. The TTCA's exclusion under § 101.057(2) therefore applies on the face of the pleadings. *Id.*

Plaintiffs have made this unmistakable in their First Amended Complaint. They expressly allege that Arlington ISD's conduct was "intentional." (Dkt. 19, ¶45). Under *Gordon*, courts look to the gravamen of the complaint, and Plaintiffs' own words compel the conclusion that their claims arise out of intentional conduct. *Gordon*, 434 S.W.3d at 591. Because the TTCA does not waive immunity for intentional torts, Plaintiffs' claims are independently barred and must be

dismissed for lack of jurisdiction. The Court cannot allow Plaintiffs to circumvent this absolute bar through creative labeling. *Id.* ("the claim cannot arise out of an intentional tort" to be viable under the TTCA); *Harris County v. Cabazos*, 177 S.W.3d 105, 110-11 (Tex. App.—Houston [1st Dist.] 2005, no pet) (governmental immunity not waived where plaintiff's claims were actually intentional tort claims despite efforts to mask them in terms of negligence). The Court should dismiss Plaintiffs' invasion of privacy claims accordingly.

**2. The Texas Tort Claims Act provides only a narrow waiver of immunity for school districts.**

Even if the Court determined that Plaintiffs invasion of privacy claims fall outside the category of intentional torts, the claims still fail. To that end, Texas school districts enjoy broad immunity from tort claims. The TTCA grants governmental immunity as the baseline rule, then carves out limited exceptions. TEX. CIV. PRAC. & REM. CODE §§ 101.021, 101.051. Section 101.051 makes clear that, "[e]xcept as to motor vehicles, this chapter does not apply to a school district." *Id.* § 101.051. The general motor vehicle waiver in § 101.021 provides that a governmental unit may be held liable for personal injuries "arising from the operation or use of a motor-driven vehicle" by an employee acting within the scope of employment. *Id.* § 101.021(1)(A). These two provisions together mean that for school districts, the TTCA's entire waiver of immunity is channeled through—and strictly limited to—motor vehicle operation.

The Texas Supreme Court has repeatedly emphasized that this waiver must be strictly construed and cannot be expanded beyond its express terms. *Mission*, 253 S.W.3d at 655-56. *Mission* rejected the plaintiff's attempt to bring claims against a school district based on alleged misconduct unrelated to motor vehicle operation, explaining that the TTCA reflects a deliberate legislative choice to limit school district liability and that courts must respect those limits. *Id.* at 656. The Legislature's intent to narrowly circumscribe school district liability is further evidenced

by its express command that waivers of immunity be strictly construed. TEX. GOV'T CODE § 311.034 ("a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language"). Under this interpretive rule, courts must resolve any ambiguity in favor of immunity, not liability. *City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011). That same principle governs here. Plaintiffs allege that Arlington ISD recorded conversations occurring within vehicles. (Dkt. 1, ¶¶15-17). But they do not allege that the vehicles themselves were negligently operated or that their operation caused any injury. As in *Mission*, Plaintiffs attempt to extend liability beyond the TTCA's limited waiver, which Texas courts consistently refuse to do. *Mission*, 253 S.W.3d 653 at 665 (Tex. 2008).

**3. Plaintiffs cannot allege a causal nexus between vehicle operation and their alleged injury.**

Plaintiffs' claims fail because they do not, and cannot, establish the required causal nexus between the operation or use of a motor vehicle and their alleged injury. Under the TTCA, waiver of immunity requires that the vehicle itself "cause" the injury, not merely provide the circumstance in which it occurred. The Texas Supreme Court addressed this standard directly in *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540 (Tex. 2003). In that case, the Court held that the TTCA requires that the vehicle actually cause the injury, not merely "furnish the condition that makes the injury possible." *Id.* at 543. Because the bus did not directly cause the plaintiff's injury, immunity was not waived. *Id.* The Supreme Court applied the same standard in *Bossley*, where a patient escaped from a facility and was later struck by a vehicle. *Dallas County MHMR v. Bossley*, 968 S.W.2d 339 (Tex. 1998). There, the Supreme Court rejected the plaintiff's argument that the facility's use of a vehicle contributed to the injury, explaining that the connection was "too attenuated" because the vehicle merely "facilitated the circumstances under which the injury occurred." *Id.* at 343.

The Fifth Circuit has applied the same principle in *Pierce* , holding that the TTCA motor vehicle waiver did not apply because the plaintiff failed to allege that an employee's operation of the vehicle caused the injury. *Pierce v. Hearne ISD*, 600 F. App'x 194 (5th Cir. 2015). The court emphasized that the TTCA requires more than the mere presence of a vehicle—it requires that the employee's operation or use of the vehicle itself causes the injury. *Id.* at 197. Here, Plaintiffs allege Arlington ISD recorded conversations while they were inside District owned vehicles. (Dkt. 1, ¶¶13-17). The alleged injury—the recording of private communications—does not arise from driving, operating, or using the vehicle. Instead, the vehicle merely provides the setting in which the alleged conduct occurred. Under *Whitley* and *Bossley*, this lack of causal nexus is fatal. Plaintiffs' allegations show, at most, that the vehicles furnished the condition for the alleged injury—which is expressly insufficient to waive immunity.

**4. Plaintiffs' allegations establish that the vehicles were merely the setting of the alleged conduct.**

Plaintiffs' allegations mirror a well-established line of cases holding that a vehicle's role as the location of an injury is insufficient to trigger TTCA waiver. The inquiry turns not on where the injury occurred but on whether vehicle operation caused it. In *Hernandez*, the court rejected the plaintiff's argument that misconduct occurring inside a school vehicle brought the claim within the TTCA. *Hernandez v. Calallen ISD*, No. 2:21-CV-00225, 2023 WL 6393179 (S.D. Tex. Sept. 29, 2023). The court explained that the plaintiff failed to allege that the vehicle's operation caused the injury and that the vehicle was merely the location where the alleged conduct occurred. *Id.* In *Turner ISD*, the court likewise rejected the argument that a bus's involvement in a student's injury triggered TTCA waiver, holding that the bus was merely the "setting for the injury" and that immunity was not waived because the injury did not arise from the bus's operation. *Turner v. Houston ISD*, No. H–13–0867, 2013 WL 3353956 (S.D. Tex. July 3, 2013). And in *Herring*, the

court held that exposure to cigarette smoke on a school bus did not waive immunity because the bus merely provided the location of the alleged injury and did not cause it. *Herring v. Dallas County Schools*, No. 399-CV-1538-P, 2000 WL 370623 (N.D. Tex. Apr. 11, 2000).

These cases are directly analogous to Plaintiffs' allegations here. Plaintiffs allege that conversations occurred inside vehicles and were recorded. (Dkt. 1, ¶¶17, 28-33). They further allege that many of these conversations occurred via phone using Bluetooth or speaker mode. (Dkt. 1, ¶17). These communications are not dependent on the vehicle; they could occur in any location. The recording equipment was installed in the vehicles, but the alleged injury (the recording of communications) did not arise from any act of driving, steering, accelerating, or any other function inherent in vehicle operation. The distinction between vehicle-as-cause and vehicle-as-setting is dispositive under Texas law. Where the vehicle is merely the backdrop for an alleged wrong, immunity is not waived. *Whitley*, 104 S.W.3d at 543; *Bossley*, 968 S.W.2d at 343. Plaintiffs' facts fall squarely within this well-settled setting doctrine, and their claims must be dismissed.

**5. Plaintiffs cannot allege that any employee's operation of a vehicle caused their injury.**

Plaintiffs' claims also fail for an independent reason: the TTCA's motor vehicle waiver requires a causal link not just between the vehicle and the injury, but specifically between an employee's act of "operating" or "using" the vehicle and the alleged harm. Under § 101.021(1)(A) of the Texas Civil Practices and Remedies Code, a governmental unit is liable only when personal injury or death is "proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment" if the injury "arises from the operation or use of a motor-driven vehicle." TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A). The statute requires active negligence in operation, not mere connection to a vehicle that happened to be present.

In *Pierce*, the Fifth Circuit held that waiver did not apply because the plaintiff failed to

allege that the employee's operation of the vehicle caused the injury. *Pierce*, 600 F. App'x at 194. The court emphasized that the TTCA requires more than the mere presence of a vehicle, it requires that the employee's act of operating or using the vehicle itself cause the injury. *Id.* This principle was echoed in *Whitley*, where the Court emphasized that the vehicle must "cause" the injury, not merely "furnish the condition" for it to occur. *Whitley*, 104 S.W.3d at 543. Here, Plaintiffs allege no such conduct. They do not allege negligent driving, improper vehicle operation, failure to maintain equipment in a safe operational condition, or any act involving the driving function of the vehicle. Instead, they allege that the District intentionally equipped vehicles with recording devices and recorded their conversations. (Dkt. 1, ¶42). The recording system operates independently of whether the vehicle is moving, idling, or parked. There is no nexus between the act of operating the vehicle and the alleged injury. Because Plaintiffs fail to allege that any employee's operation of a vehicle caused their injury, their claims fail as a matter of law.

## III. MOTION TO DISMISS - RULE 12(b)(6)

### A. Federal Rule of Civil Procedure 12(b)(6).

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *See Ramming*, 281 F.3d at 161. The District bears the burden of showing that no claim has been stated upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Rios v. City of Del Rio*, 444 F.3d 417, 420-21 (5th Cir. 2006) (quoting 3 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1216 at 156-159).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted). Moreover, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Nor do "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" suffice for purposes of Rule 12(b)(6). *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

**B. 18 U.S.C. § 2510 does not provide a cause of action against the District.**

18 U.S.C. § 2520 provides for a civil cause of action for "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter[.]" 18 U.S.C. § 2520. While "[t]he aggrieved party may sue 'the person *or entity*, other than the United States, which engaged in that violation,'" the Eastern District of Texas, relying on a Seventh Circuit opinion, has held that this provision of the ECPA does not provide for a cause of action against municipalities and other governmental entities. *See Jeanty v. TXFM, Inc.*, No. 4:19-CV-366, 2020 WL 5651636 (E.D. Tex. Sept. 23, 2020); *Seitz v. City of Elgin*, 719 F.3d 654 (7th Cir. 2013). Given the well-reasoned *Jeanty* and *Seitz* opinions, this Court should follow suit and dismiss Plaintiffs' ECPA claims accordingly.

In discussing the ECPA,[3] the Seventh Circuit extensively analyzed its legislative history, ultimately concluding there was no basis for liability under the statute.[4] *Seitz*, 719 F.3d at 655. The Seventh Circuit explained as follows:

> The FWA confers a civil cause of action on "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." The aggrieved party may sue "the person or entity, other than the United States, which engaged in that violation." The statute did not always read this way, however. Initially, it authorized recovery only against "the person" who violated the FWA. In 1986, however, Congress extended the cause of action from against any "person" to against any "person or entity" who committed the violation. Finally, in 2001, the PATRIOT Act amended the statute again, yielding the current wording that extends liability to a "person or entity, other than the United States."
>
> Importantly, the FWA also defines "person." A person is "any employee, or agent of the United States or any State or political subdivision thereof, and any individual, partnership, association, joint stock company, trust, or corporation." The plain text of that definition—which has remained unchanged since passage of the original act in 1968—does not extend to government units. Instead, it reaches only employees or agents of a government. The Senate Report accompanying the original bill confirmed this meaning: "The definition explicitly includes any officer or employee of the United States or any State or political subdivision of a State . . . . Only the governmental units themselves are excluded . . . . Otherwise the definition is intended to be comprehensive." Thus, as originally composed in 1968, the FWA created a cause of action only against "persons" and then excluded municipalities from the definition of "persons." It created no cause of action against municipalities or any other governmental unit.
>
> Plaintiffs argue, however, that inclusion of the word "entity" in the 1986 amendments brought municipalities within the scope of § 2520. Because the definition of "person" already included "partnership[s], association[s], joint stock compan[ies], trust[s], or corporation[s]," they advance, the word "entity" must reach government units. Plaintiffs are right: The plain meaning of "entity" includes government units. And if "entity" referred only to business or nonprofit corporations and associations, the 1986 amendments would add nothing to the statute because the definition of "person" already included such organizations. We must give effect to each word when interpreting statutes, and defining "entity" to reach only organizations already defined as "persons" would render "entity" superfluous. The subsequent amendment of § 2520 by the PATRIOT Act—to add the phrase "other than the United States" as a modifier to "person or entity"—only

[3] The Seventh Circuit refers to the ECPA as the Federal Wiretap Act or FWA.

[4] While the defendant asserted three grounds for dismissal, the Seventh Circuit only reached the first—the ECPA does not authorize a cause of action against municipalities. *Seitz*, 719 F.3d at 655.

underscores that something in the phrase “person or entity” encompasses government units. If not, then no need existed for the PATRIOT Act's qualifier.

* * *

Although we agree with plaintiffs that “entity” as used in § 2520 includes government units, plaintiffs nevertheless have no cause of action against the City for the specific FWA violations alleged here. Section 2520 itself creates no substantive rights. Rather, it simply provides a cause of action to vindicate rights identified in other portions of the FWA, specifically communications “intercepted, disclosed, or intentionally used *in violation of this chapter*.” Thus, we must look to the scope and nature of the specific substantive right plaintiffs accuse defendants of violating to determine whether plaintiffs may assert that right against a municipality.

Here, plaintiffs accuse the City of violating § 2511(1)(c)-(d), which prohibits “any person” from intentionally disclosing or using communications intercepted in violation of the FWA. Thus, § 2511(1) protects only against actions taken by a “person” as defined in the statute, which does not include municipalities. Only a “person” can violate § 2511(1). And because § 2520 creates a cause of action only for “violation[s] of” the FWA, it necessarily follows that § 2520 confers a cause of action to enforce § 2511(1) only against persons as defined by the statute. We therefore reaffirm the conclusion of *Abbott* even though “entity” includes government units, § 2520 provides no cause of action against a municipality for violations of § 2511(1) because nothing in the 1986 amendments altered the scope of the substantive violation by expanding it beyond “persons” as defined in the FWA. Plaintiff's suggestion that the PATRIOT Act created such a cause fails for the same reason: Like the 1986 amendments, the PATRIOT Act amendments made no change to the scope of § 2511(11). That provision continues to apply only to a “person.”

This reading of the statute, however, gives meaning to each word of § 2520 only if the FWA somewhere else creates a substantive right against an “entity.” It does. Section 2511(3)(a)—added by the same 1986 law that inserted “or entity” into § 2520—prohibits “a person *or entity* providing an electronic communication service to the public [from] intentionally divulg[ing] the contents of any communication . . . while in transmission on that service to any person or entity other than an addressee or intended recipient of such communication.” Thus, § 2511(3)(a) creates a substantive right enforceable against an entity. Because the 1986 amendments added § 2511(3), they also had to alter § 2520 to match the “person or entity” language used in § 2511(3). Without that change, parties could sue a “person” who violated § 2511(3)(a) but not an entity even though § 2511(3) explicitly referenced both.

* * *

> To sum up, the 1986 amendment permits suit against governmental units through the addition of "entity" to the statutory text. But it does so only for substantive provisions that identify an "entity" as a potential violator of that provision. Any conclusion otherwise ignores at least some part of the statutory text. If "entity" does not extend to government units, it adds nothing to the statute. And if we subject governmental units to suit for violations of § 2511(1), we ignore the statute's use of "person" rather than "person or entity." Our interpretation avoids both of these pitfalls, giving due weight to the addition of "entity" while remaining faithful to the plain text of § 2511(1).

*Seitz*, 719 F.3d at 656-60 (internal citations omitted).

Given the reasoning set forth by the Seventh Circuit, the Court cannot reasonably find that § 2520 of the ECPA provides a cause of action against Arlington ISD for a violation of § 2511(1)(a). The Court should dismiss Plaintiffs' ECPA claims accordingly.

WHEREFORE, PREMISES CONSIDERED, the District respectfully requests that this Court grant its Motion for Partial Dismissal of Plaintiffs' First Amended Complaint in accordance with Rules 12(b)(1) and 12(b)(6), thereby dismissing Plaintiffs' claims under the ECPA, as well as Plaintiffs' claims for the statute law tort of invasion of privacy. The District prays for such other and further relief to which it may show itself justly entitled, including attorneys' fees and court costs.

Respectfully submitted,

By: /s/ Meredith Prykryl Walker
Meredith Prykryl Walker
State Bar No. 24056487
Nicole Blaylock Thomas
State Bar No. 24149603

WALSH GALLEGOS KYLE
ROBINSON & DE LOS SANTOS P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com
nblaylockthomas@wabsa.com

ATTORNEYS FOR DEFENDANT
ARLINGTON INDEPENDENT
SCHOOL DISTRICT

**CERTIFICATE OF SERVICE**

On May 12, 2026, I electronically submitted the foregoing document with the clerk of court for the United States District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Suzanne Manderson
Brian Pounds
Valli Kane & Vagnini LLP

/s/ Meredith Prykryl Walker
Meredith Prykryl Walker