IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MYLES REHANA and BRIGID SCHULLERTS, | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. 4:26-cv-00238-BJ |
| ARLINGTON INDEPENDENT SCHOOL DISTRICT, | § | |
| Defendant. | § | |

**DEFENDANT ARLINGTON INDEPENDENT SCHOOL DISTRICT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Arlington Independent School District (Arlington ISD or the District) files this Reply Brief in support of its Motion for Partial Dismissal of Plaintiffs' First Amended Complaint and, in support thereof, would respectfully show the Court as follows:

**A. Plaintiffs' invasion-of-privacy claim remains barred by governmental immunity.**

Plaintiffs' Response begins from an incomplete premise as Plaintiffs argue only that the Texas Tort Claims Act's (TTCA) motor-vehicle waiver applies because the Samsara system was installed in District vehicles and allegedly used in connection with vehicle monitoring. However, Plaintiffs do not overcome the independent and dispositive barrier to their claim: invasion of privacy by intrusion is an intentional tort, which the TTCA expressly excludes from waiver.

The TTCA "does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort."[1] Courts look to the gravamen of the claim, not the label Plaintiffs assign to it.[2] Plaintiffs' First Amended Complaint alleges that Arlington ISD intentionally

[1] TEX. CIV. PRAC. & REM. CODE § 101.057(2).
[2] *City of Watauga v. Gordon*, 434 S.W.3d 586, 591 (Tex. 2014).

subjected Plaintiffs to secret audio recording, that the recording was highly offensive, and that it constituted an unauthorized intrusion upon Plaintiffs' privacy. (Dkt. 19, ¶¶45-47, 115-118). These allegations fall squarely within an intentional-tort theory. Texas law treats invasion of privacy by intrusion as an intentional tort, and federal courts applying Texas law have likewise held that invasion-of-privacy claims against governmental entities are barred by governmental immunity because they arise from intentional conduct.[3]

Plaintiffs' Response does not explain how an intentional invasion-of-privacy claim can survive § 101.057. The District asserts the claim cannot. Plaintiffs' attempt to invoke the motor-vehicle waiver does not transform an intentional privacy tort into a negligence-based vehicle-use claim. Because Plaintiffs' own pleadings allege intentional conduct, the TTCA does not waive Arlington ISD's immunity, and the Court lacks subject-matter jurisdiction over Count II. The Court should dismiss Plaintiffs' invasion of privacy claim accordingly.

**B. Plaintiffs cannot establish the required causal nexus between vehicle operation and their alleged injury.**

Even if Plaintiffs could avoid the intentional-tort exclusion, which they cannot, their claim still fails because Plaintiffs cannot establish that their alleged injury arose from the operation or use of a motor-driven vehicle. Plaintiffs rely on § 101.021 and argue that the Samsara system was closely connected to the District's patrol vehicles, but the motor-vehicle waiver is not triggered merely because a vehicle is involved in some way. The vehicle's operation or use must actually cause the alleged injury.[4] The Texas Supreme Court and Fifth Circuit have repeatedly rejected attempts to expand the TTCA's waiver when a vehicle merely furnishes the condition that makes

---

[3] *Billings v. Atkinson*, 489 S.W.2d 858, 860 (Tex. 1973); *Valenzuela v. Aquino,* 853 S.W.2d 512, 513 (Tex. 1993); *Johnson v. MHMR Auth. of Brazos Valley*, 706 F. Supp. 3d 710, 719 (S.D. Tex. 2023); *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 641 (S.D. Tex. 2001); *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992).
[4] *Dallas Area Rapid Transit v. Whitley,* 104 S.W.3d 540, 543 (Tex. 2003).

the injury possible.[5] For a school district, this standard is especially important because the TTCA provides only a narrow waiver of immunity for motor-vehicle claims.[6] Plaintiffs' Response attempts to characterize the Samsara system as part of the operation or use of the vehicles because it allegedly monitored routes, vehicle location, engine status, tire pressure, vehicle motion, driver activity, and supervisor access. (Dkt. 33 at 4-5; Dkt. 33-1, ¶¶8-15). But those additional allegations do not change the nature of Plaintiffs' alleged injury. Plaintiffs do not allege that they were injured by negligent driving, steering, braking, accelerating, parking, transporting, or any physical function of the vehicle. They allege that their conversations were recorded without consent. (Dkt. 19, ¶¶18-20, 39-47, 115-118). The alleged injury arises from the claimed recording of conversations, not from vehicle operation.

Plaintiffs' own allegations confirm that the vehicles were, at most, the location where the alleged recording occurred. Plaintiffs allege that the District vehicles contained audio-recording devices, that Plaintiffs were allegedly not informed their voices were being recorded in those vehicles, and that a supervisor allegedly replayed a recorded conversation from inside a vehicle. (Dkt. 19, ¶¶18-20, 39). Once again, these allegations do not plead a motor-vehicle injury; They plead an alleged privacy injury that happened to occur inside vehicles. This is precisely the type of vehicle-as-setting theory Texas courts reject. In *Turner v. Houston ISD*, the court held that the bus was merely the setting of the injury and that immunity was not waived;[7] in *Hernandez v. Calallen ISD*, the court likewise rejected a TTCA waiver theory where the vehicle was only the location of the alleged misconduct;[8] and in *Herring v. Dallas County Schools*, the court held that

---

[5] *Id.*; *Dallas County MHMR v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998); *Pierce v. Hearne ISD*, 600 F. App'x 194, 197 (5th Cir. 2015).
[6] TEX. CIV. PRAC. & REM. CODE § 101.051.
[7] No. H-13-0867, 2013 WL 3353956 (S.D. Tex. July 3, 2013).
[8] No. 2:21-CV-00225, 2023 WL 6393179 (S.D. Tex. Sept. 29, 2023).

exposure to cigarette smoke on a school bus did not waive immunity because the bus merely provided the location of the alleged injury.[9]

Plaintiffs attempt to distinguish these cases by arguing that the Samsara system was "part of" the vehicle's operation. However, Plaintiffs' theory still fails because the relevant question is not whether the equipment was installed in the vehicle or used while Plaintiffs were working in the vehicle, but whether the operation or use of the vehicle caused the alleged injury.[10] The patrol vehicles were not the legal cause of the alleged injury; rather Plaintiffs' alleged injury was the interception and monitoring of communications. Accordingly, Plaintiffs cannot establish a waiver of immunity. The Court should dismiss Plaintiffs' invasion of privacy claim accordingly.

**C. Plaintiffs' affidavit does not cure the jurisdictional defect**

Plaintiffs ask the Court to consider Plaintiff Schullerts' affidavit and, if necessary, permit Plaintiffs to amend their Complaint to incorporate the affidavit's allegations. (Dkt. 33, p.3, n.1). Even considering the affidavit, Plaintiffs still fail to establish jurisdiction. The affidavit adds details about the Samsara system's alleged functions, including sign-in procedures, driver monitoring, vehicle operation data, warnings, and supervisor access. (Dkt. 33-1, ¶¶7-15). But none of those facts establish that the operation or use of a motor-driven vehicle caused Plaintiffs' alleged privacy injury. At most, the affidavit alleges that the Samsara system was installed in District vehicles and used in connection with fleet management. This is not enough to defeat dismissal. The TTCA requires that the vehicle itself cause the injury, not merely furnish the location or circumstance in which the alleged injury occurred.[11]

More importantly, an amendment would not cure the jurisdictional defect. If every fact in

---

[9] No. 399-CV-1538-P, 2000 WL 370623 (N.D. Tex. Apr. 11, 2000).
[10] *Whitley*, 104 S.W.3d at 543.
[11] *Id*.

Exhibit A were incorporated into the First Amended Complaint, Plaintiffs would still be asserting an intentional invasion-of-privacy claim based on alleged audio recording. The claim would still be barred by § 101.057, and Plaintiffs would still not be able to establish the required causal nexus between vehicle operation and the alleged injury. Accordingly, further amendment would be futile as to Count II.

**D. Plaintiffs' ECPA claim fails as a matter of law.**

Plaintiffs also fail to state a claim under the Electronic Communications Privacy Act (ECPA). Plaintiffs argue that the District's Motion "misunderstands the legislative history of the ECPA" and fails to account for a purported split of authority regarding whether governmental entities may be sued under the Act. (Dkt. 33 at 6-8). But Plaintiffs' Response attacks a broader argument than Arlington ISD needs to make. The issue is not whether the word "entity" in § 2520 can ever include a governmental entity. The issue is whether Plaintiffs have identified a substantive ECPA provision that Arlington ISD, as a governmental unit, could violate. They have not.

Plaintiffs' First Amended Complaint alleges a violation of 18 U.S.C. § 2511(1)(a). (Dkt. 19, ¶¶107-110). Section 2511(1)(a) applies only to "any person" who intentionally intercepts, endeavors to intercept, or procures another person to intercept a wire, oral, or electronic communication.[12] The ECPA defines "person" to include "any employee, or agent of the United States or any State or political subdivision thereof," along with individuals and certain private entities.[13] It does not include a governmental unit itself. Thus, Plaintiffs' claim fails because the substantive provision they invoke does not reach Arlington ISD.

Plaintiffs attempt to avoid this statutory limitation by relying on § 2520's remedial language, which allows recovery from the "person or entity" that engaged in a violation of the

---

[12] 18 U.S.C. § 2511(1)(a).
[13] 18 U.S.C. § 2510(6).

chapter. (Dkt. 33 at 6-8). However, § 2520 does not create substantive liability independent of the underlying violation, rather, § 2520 provides a civil remedy only when there has been a violation of a substantive provision elsewhere in the ECPA.[14] Accordingly, the Court must look to the substantive provision Plaintiffs actually pleaded. Here, that provision is § 2511(1)(a), which applies only to a "person," not to a governmental entity.

*Seitz* directly answers Plaintiffs' legislative-history argument. There, the Seventh Circuit acknowledged that the 1986 amendment added "entity" to § 2520, and further recognized that "entity" may include governmental units.[15] Even so, the court held that § 2520 does not provide a cause of action against a municipality for alleged violations of § 2511(1), because § 2511(1) applies only to a "person."[16] The court explained that treating § 2520's "person or entity" language as expanding liability under § 2511(1) would ignore Congress's decision to use "person," rather than "person or entity," in the substantive prohibition.[17]

Other federal courts have followed the same statutory-structure analysis. In *Anderson v. City of Columbus, Georgia*, the court held that § 2520 did not create municipal liability where the underlying substantive provision, § 2511(1), applied only to a "person" as defined by § 2510(6).[18] Likewise, in *Doe v. Federal Democratic Republic of Ethiopia*, the court concluded that § 2511(1)(a), by its plain terms, does not apply to governmental entities and that § 2520 does not create a civil cause of action against a governmental entity for alleged violations of § 2511(1).[19] Plaintiffs' cited authorities do not require a different result. Plaintiffs rely on non-binding authority, some of which treats § 2520's "person or entity" language as dispositive without separately

---

[14] *Seitz v. City of Elgin*, 719 F.3d 654, 657-58 (7th Cir. 2013).
[15] *Id*. at 657-60.
[16] *Id*.
[17] *Id*. at 659-60.
[18] 374 F. Supp. 2d 1240, 1244-46 (M.D. Ga. 2005).
[19] 189 F. Supp. 3d 6, 14-15 (D.D.C. 2016).

analyzing whether the specific substantive provision pleaded by the plaintiff applies to governmental entities. (Dkt. 33 at 7-8).

The existence of contrary non-binding authority does not require discovery or defer resolution of a pure question of statutory interpretation. No factual development can change the statute Plaintiffs invoked or the fact that § 2511(1)(a) applies only to a "person." Plaintiffs' policy arguments concerning modern technology, AI, GPS, Bluetooth, internet-connected dash cameras, and smartphones likewise cannot expand statutory liability beyond the text Congress enacted. (Dkt. 33, pp.8-9). Because Plaintiffs' ECPA claim depends on § 2511(1)(a), and because Arlington ISD is not a "person" under § 2510(6), Plaintiffs have failed to state a claim upon which relief can be granted. The Court should therefore dismiss Plaintiffs' ECPA claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**E. Conclusion.**

Plaintiffs' Response confirms that the challenged claims fail as a matter of law. Plaintiffs do not dispute that Arlington ISD is a governmental unit, nor do they overcome the TTCA's intentional-tort exclusion. Plaintiffs' invasion-of-privacy claim is based on alleged intentional audio recording, and Plaintiffs cannot transform that claim into a motor-vehicle case merely because the alleged recording occurred inside District vehicles. The patrol vehicles were, at most, the location of the alleged injury, not the cause of it. Accordingly, Plaintiffs have not pleaded, and cannot establish, a valid waiver of Arlington ISD's governmental immunity.

Plaintiffs' ECPA claim fares no better. Plaintiffs' claim is premised on an alleged violation of 18 U.S.C. § 2511(1)(a), which applies only to a "person." Arlington ISD is not a "person" under the ECPA's statutory definition, and § 2520's remedial language does not create substantive liability where the underlying provision does not reach the District. Plaintiffs' disagreement with

the statutory framework does not state a viable claim under Rule 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, Arlington ISD respectfully requests that this Court grant its Motion for Partial Dismissal of Plaintiffs' First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); dismiss Plaintiffs' state-law invasion-of-privacy claim for lack of subject-matter jurisdiction; dismiss Plaintiffs' ECPA claim for failure to state a claim; and award Arlington ISD such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

By: /s/ Meredith Prykryl Walker

Meredith Prykryl Walker
State Bar No. 24056487
Nicole Blaylock Thomas
State Bar No. 24149603

WALSH GALLEGOS KYLE
ROBINSON & DE LOS SANTOS P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com
nblaylockthomas@wabsa.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

On July 7, 2026, I electronically submitted the foregoing document with the Clerk of Court for the United States District Court for the Northern District of Texas using the electronic case filing system of the Court. I hereby certify that I have served all parties and counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Suzanne M. Anderson
Valli Kane & Vagnini LLP

/s/ Meredith Prykryl Walker
Meredith Prykryl Walker