**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MYLES REHANA, ET AL.,** | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:26-CV-238-BJ** |
| | § | |
| **ARLINGTON INDEPENDENT SCHOOL DISTRICT,** | § | |
| | § | |
| | § | |
| **DEFENDANT.** | § | |

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Pending before the Court is Defendant Arlington Independent School District ("AISD" or "Defendant")'s Motion for Partial Dismissal of Plaintiffs' First Amended Complaint ("Motion to Dismiss") [doc. 22], filed May 12, 2026. Having carefully considered the motion, response, and reply, the Court concludes that Defendant's motion should be **GRANTED.**

## I. BACKGROUND

Plaintiffs Myles Rehana ("Rehana") and Brigid Schullerts ("Schullerts") (collectively "Plaintiffs") were employed as security officers at AISD. (Plaintiffs' First Amended Complaint ("Pls.' First Am. Compl.") at 3.) On March 7, 2025, Defendant placed "Plaintiffs on unpaid leave, for a purported investigation about alleged misconduct." (*Id*. at 8.) In April 2025, "Plaintiffs, after several weeks without pay and with no end of the forced unpaid leave in sight, were constructively discharged from their employment." (*Id*. at 9.) Thereafter, on March 3, 2026, Plaintiffs filed their original Complaint against Defendant [doc. 1] in this Court, and, subsequently, filed a First Amended Complaint [doc. 19], which is the live pleading before the Court. In the First Amended Complaint, Plaintiffs allege the following claims against Defendant: (1) secret audiotaping in violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2520; (2) invasion

of privacy by intrusion resulting from the audiotaping; and (3) discrimination and retaliation in violation of (a) the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 *et seq.*; (b) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*.; and (c) the Texas Employment Discrimination Act, as amended, Texas Labor Code §§ 21.001 *et seq*. (*See* Pls.' First Am. Compl. at 15-18).

In its Motion to Dismiss, Defendant argues that (1) Plaintiffs' invasion of privacy claim should be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction because AISD retains governmental immunity and (2) Plaintiffs' ECPA claim should be dismissed pursuant to Rule 12(b)(6) because the ECPA does not provide a cause of action upon which relief can be granted. (Defendant's Motion to Dismiss ("Def.'s Mot. to Dismiss") at 1-2).

## II. LEGAL STANDARD

### A. <u>Rule 12(b)(1)</u>

Federal courts are courts of limited jurisdiction, and they only possess the power granted by the Constitution and federal statutes. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Rule 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Parties "may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). "The burden of proof for a 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161.

If the record does not contain sufficient evidence to establish subject matter jurisdiction, a federal court does not have jurisdiction over the case and the motion to dismiss should be granted. *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017); *Home Builders Ass'n of Miss. Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Lack

of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161.

**B. Rule 12(b)(6)**

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. Rule Civ. Pro. 12(b)(6). This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (internal quotation marks and citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). "A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* (internal quotation marks and citations omitted).

## III. ANALYSIS

### A. <u>Rule 12(b)(1) as to Plaintiff's Invasion of Privacy Claim under the Texas Tort Claims Act</u>

As set forth above, Plaintiffs assert a claim against Defendant for invasion of privacy by intrusion resulting from the alleged secret recording of Plaintiffs while they were at work in company vehicles. (Pls.' First Am. Compl. at 3-9, 16-17.) Under the Texas Tort Claims Act ("TTCA"), government entities retain immunity for the negligent or wrongful actions of its agents or officers unless a clear statutory or constitutional waiver applies. *See City of San Antonio v. Winkenhower*, 875 S.W.2d 388, 390 (Tex. App.—San Antonio 1994, writ denied). "While sovereign immunity protects the state and its divisions from suit and liability, governmental immunity extends to political subdivisions such as counties, cities, and school districts." *Bonillas v. Harlandale Indep. Sch. Dist.*, 832 F. Supp. 2d 729, 735 (W.D. Tex. June 2, 2011) (internal citations omitted). Statutes must not be construed as a waiver of sovereign immunity absent clear and unambiguous legislative language. *See* Tex. Gov't Code Ann. § 311.034; Tex. Civ. Prac. & Rem. Code Ann. § 101.025; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) ("We interpret statutory waivers of immunity narrowly.").

Section 101.021 of the TTCA waives governmental immunity for property damage, personal injury, and death proximately caused by a governmental employee's *negligence*, but only when it arises from the use of a motor vehicle for which the employee would be personally liable. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021; *Rattray v. City of Brownsville*, 662 S.W.3d 860, 870 n.9 (Tex. 2023) (finding that this exception requires a link or "nexus" between the injury and a motor-driven vehicle). Under the TTCA, the motor vehicle exception to governmental immunity for negligent conduct expressly applies to school districts; however, the TTCA bars claims arising out of intentional torts. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.051, 101.057(2); *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) ("With the exception of torts involving motor vehicles, sovereign immunity extends to school districts").

Governmental immunity deprives the court of subject matter jurisdiction. *See Ashley v. Clay Cnty.*, 125 F.4th 654, 662 (5th Cir. 2025) ("To be sure, when a defendant is entitled to governmental immunity, the court is deprived of subject matter jurisdiction over the dispute."). In other words, where no waiver of governmental immunity exists under the TTCA, claims are barred and should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. *See Edwards v. Hous. Auth. Texarkana*, No. 5:15CV36-JRG-CMC, 2015 WL 7184702, at *4-5 (E.D. Tex. Nov. 13, 2015) (dismissing an intentional tort claim brought under the TTCA for lack of subject matter jurisdiction because the TTCA did not waive governmental immunity).

AISD, a public school district, falls squarely within the definition of a governmental unit within the scope of the TTCA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B). As a governmental unit, AISD retains governmental immunity as to intentional tort claims. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.051, 101.057; *Baugh v. City of Port Lavaca*, No. 6:20-CV-00007, 2022 WL 980270, at *9 (S.D. Tex. Mar. 30, 2022) ("The Texas Tort Claims Act

expressly *retains* immunity for intentional torts.") (emphasis in original). Since the TTCA bars intentional tort claims, the issue becomes whether Plaintiffs' invasion of privacy claim by intrusion constitutes an intentional tort. *See* Tex. Civ. Prac. & Rem. Code § 101.057(2).

The Texas Supreme Court, in *Valenzuela v. Aquino*, established that an invasion of privacy claim requires: (1) an *intentional* intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person. *Valenzuela*, 853 S.W.2d 512, 513 (Tex. 1993) (adopting the elements laid out in the Restatement (Second) of Torts); *see also Billings v. Atkinson*, 489 S.W.2d 858, 861 (Tex. 1973) (holding that invasion of privacy is a "willful tort"). In their First Amended Complaint, Plaintiffs expressly allege that Defendant's intrusion through audio recording was intentional. (Pls.' First Am. Compl. at 7 (asserting that the "recording in their company vehicles was intentional").) Moreover, courts routinely hold that, because it is an intentional tort, invasion of privacy claims against government units are barred by the TTCA. *See Johnson v. MHMR Auth. of Brazos Valley*, 706 F. Supp. 3d 710, 721 (S.D. Tex. 2023) ("Plaintiffs cause of action for invasion of privacy is barred for the additional reason that invasion of privacy is an intentional tort, and the TTCA does not waive immunity for intentional torts.") (citing *Billings*, 489 S.W.2d at 861).[1] Since the intentional tort claim for invasion of privacy is barred by the TTCA, the Court concludes that it lacks subject matter jurisdiction regarding this claim. Thus, Defendant's Motion to Dismiss is **GRANTED** as to the invasion of privacy claim, and such claim is **DISMISSED WITHOUT PREJUDICE**.

[1] The parties spend a large portion of their briefing on whether the alleged conduct falls within the motor vehicle exception to governmental immunity under the TTCA. (*See* Def.'s Br. at 8-12; Pls.' Resp. at 2-5; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.021.) These arguments, however, are irrelevant to Plaintiffs' invasion of privacy claim because such claim is an intentional tort and the TTCA does not waive immunity for intentional torts. *See Johnson*, 706 F. Supp. 3d at 721.

**B. Rule 12(b)(6) as to Plaintiffs' Disparate Treatment Claim under the ECPA**

As noted above, Plaintiffs assert a claim under 18 U.S.C. § 2520, alleging that Defendant has violated the ECPA through intentional interception of electronic communications without consent. (Pls.' First Am. Compl. at 15-16.) Specifically Plaintiffs alleged that Defendant violated 18 U.S.C. § 2511(1)(a), which applies to "any *person* who . . . intentionally intercepts . . . any wire, oral, or electronic communication." (Pls.' First Am. Compl. at 16 (emphasis added).)

In its Motion to Dismiss, Defendant argues that Plaintiffs fail to state a cognizable claim upon which relief can be granted because § 2520 "of the ECPA does not provide for a cause of action against municipalities and other governmental entities." (Defendant's Brief in Support of its Motion to Dismiss ("Def.'s Br.") at 13). As originally enacted in 1968 as the Federal Wiretap Act ("the Act"), 18 U.S.C §§ 2510-2523 provided for recovery of civil damages against a "person" but did not mention an "entity." *See Abbott v. Vill. of Winthrop Harbor*, 205 F.3d 976, 980 (7th Cir. 2000). In 1986, Congress amended and updated the Act into the ECPA, adding, *inter alia*, "entity" to those who may be held liable under § 2520. *Id.*; *see Adams v. City of Battle Creek*, 250 F.3d 980 (6th Cir. 2001); *BHL Boresight, Inc. v. Geo-Steering Sols., Inc.*, No. 4:15-CV-00627, 2016 WL 8648927, at *19 (S.D. Tex. Mar. 29, 2016) (stating that Congress passed the ECPA in 1986 and that Title I of the ECPA amended the Act). In 2001, § 2520 of the ECPA was amended again to provide that a plaintiff may recover "from the person or entity, other than the United States, which engaged in that violation." 18 U.S.C. § 2520; *see Garza v. Bexar Metro. Water Dist.*, 639 F. Supp. 2d 770, 773 (W.D. Tex. 2009) ("[Section 2520] was amended again in 2001 to exclude only the United States as a responsible party.").

Defendant agrees that § 2520 *generally* provides a civil cause of action against governmental entities. (Def.'s Br. at 13-16.) However, Defendant argues that there is no cause of

action against a governmental entity for a violation of Section 2511(1) of the ECPA, which is the specific statute Plaintiffs' claim that Defendant violated. (*Id.*; *see* Pls.' First Am. Compl. at 15-16 ("Defendant intentionally intercepted Plaintiffs' oral communications, i.e., their phone calls without their consent, thereby violating § 2511(1)(a).") (cleaned up).) Defendant, relying on the Seventh Circuit's decision in *Seitz v. City of Elgin*, 719 F.3d 654, 657-58 (7th Cir. 2013), and the U.S. District Court for the Eastern District of Texas' decision in *Jeanty v. TXFM, Inc.*, No. 4:19-CV-366, 2020 WL 5651636, at *2 (E.D. Tex. Sept. 23, 2020), argues that Section 2520 does not create substantive rights; instead, "it simply provides a cause of action to vindicate rights identified in other portions of the Act." (Def.'s Resp. at 13-16; *see* Defendant's Reply Brief ("Def.'s Reply") at 5-7.) In other words, Defendant claims that a plaintiff cannot sue under § 2520 alone; instead, there must be a violation of another statute within the statutory scheme. (Def.'s Resp. at 13-16 (citing *Seitz*, 719 F.3d at 657-58 ("[W]e must look to the scope and nature of the specific substantive right plaintiffs accuse defendants of violating to determine whether plaintiffs may assert that right against a municipality.").) Defendant states that courts analogize § 2520's operation as a mechanism to vindicate rights identified in other statutes to 42 U.S.C. § 1983. (Def.'s Resp. at 13-16 (citing *Seitz*, 719 F.3d at 657-58 (noting that § 1983 merely "operates as a means to vindicate federal rights conferred elsewhere").) *See also Jeanty*, 2020 WL 5651636 *2 (noting that 18 § 2520 operates like 42 U.S.C. § 1983).

Simply put, a person aggrieved by another's violation of any provision in § 2511 may sue under § 2520. *See DIRECTV, Inc. v. Bennett*, 470 F.3d 565, 568 (5th Cir. 2006) (holding that § 2520 allows private civil suits for violations under this "chapter," which includes interception of communications under § 2511). However, according to Defendant, because some subsections of § 2511 provide a cause of action against governmental entities, while others only provide a cause

of action against persons, § 2520 accounts for either possibility. (Def.'s Resp. at 13-16 (citing *Seitz*, 719 F.3d at 657-59 (interpreting § 2520 in this way gives meaning to each word of the section because some subsections of § 2511, like § 2511(1), only provide causes of action against "a person" while others, like § 2511(3), allow suits against "[a] person or entity")); *see also Jeanty*, 2020 WL 5651636, at *2 ("However, in 2013, the Seventh Circuit [in *Seitz*] engaged in a detailed analysis of the various provisions of the federal Wiretap Act and found that, even though 'entity' as used in § 2520 includes government units, § 2520 does not provide a cause of action against municipalities because § 2520 itself creates no substantive rights."); *compare* 18 U.S.C. § 2511(1) (providing a cause of action against any person) *with* 18 U.S.C. § 2511(3) (providing a cause of action against any person or entity).)

In their response, Plaintiffs, focusing on § 2520's legislative history and construction, claim that the statute creates a civil cause of action against governmental units for intentionally intercepting communications. (Pls.' Resp. at 6-8.) Plaintiffs contend that the 2001 amendment of the ECPA solidifies their argument because "[t]here would have been no reason for Congress to carve out an exception for the United States if governmental entities could not be sued under the statute. (Pls.' Resp. at 7, citing *Williams v. City of Tulsa, OK*, 393 F. Supp. 2d 1124, 1132 (N.D. Okla. 2005).) In support, Plaintiffs point to a litany of cases across to the nation to show that authority is split on this issue, and as such, dismissal at this stage is improper and premature. (Pls.' Resp. at 7-8.) Specifically, Plaintiffs state:

> In Texas, there appear to be two cases that have opposite results: *Jeanty v. TXFM* . . . and *Garza v. Bexar Metropolitan Water District* . . . . The 7th Circuit issued the *Seitz* [*v. Elgin*] decision cited by Defendant in its motion, but the 2nd Circuit and 6th Circuits had already determined that the 1986 amendment to the ECPA was intended to create liability under the law for government agencies. *See Organizacion JD Ltd v. Department of Justice*, 18 F.3d 91, 94-95 (2d Cir. 1994); *Adams v. City of Battle Creek*, 250 F.3d 980, 985 (6th Cir. 2001) (finding that governmental entities may be sued under 18 U.S.C. Section 2707(a), the parallel

> section regarding liability for intercepting stored communications). Other district court decisions holding government units responsible under the FCPA include: *Williams v. City of Tulsa*, 393 F.S.2d 1124, 1132 (N.D. Ok. 2005); *Huber v. N.C. State University*, 594 S.E.2d 402, 407 (N.C. Ct. App. 2004) (decided after the 2001 amendment, found that the language added to the statute in 2001 persuasive in deciding that Congress intended to create civil liability for governmental entities); *PBA Local No. 38 v. Woodbridge PD*, 832 F.S. 808, 823 (D.N.J. 1993); *Medina v. County of Riverside*, 2006 WL 8437749 (C.D. Cal. 2006) (The amendment in 1986 suggested an intent to extend liability to governmental entities): *Connor v. Tate*, 130 F.S.2d 1370, 1374-75 (N.D. Ga. 2001) ('governmental entities are amendable to suit under civil liability provisions of federal wiretap statues and Electronical Communications Privacy Act.")

(Pls.' Resp. at 7-8 (mistakes in original).)

After reviewing the parties' arguments and the relevant caselaw, the Court agrees with Defendant that the Seventh Circuit's reasoning in *Seitz* regarding the interplay between Sections 2520 and 2511(1)(a) of the ECPA is the most persuasive reasoning. *See also Jeanty*, 2020 WL 5651636, at *2.[2] Consequently, the Court adopts such reasoning in this case. Although § 2520 allows recovery from a person or entity, it does not create liability for governmental entities for violations under § 2511(1)(a) as "only a 'person' can violate" this particular section. *See Seitz*, 719 F.3d at 658. Because § 2511(1) does not provide for a cause of action against governmental entities, Plaintiffs cannot sue Defendant pursuant to this section of the statute. *Id*. Consequently, the Court concludes that Plaintiffs have failed to state a claim for disparate treatment under Section 2511(1) of the ECPA. Thus, Defendant's Motion to Dismiss is **GRANTED** as to the disparate

[2] The Court also notes that an established canon of statutory interpretation states that "the specific governs the general." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992). This is true "particularly when the two are interrelated and closely positioned, both in fact being parts of [the same statutory scheme]." *HCSC-Laundry v. United States*, 450 U.S. 1, 6 (1981); *see RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012). Courts apply this canon where a "general permission or prohibition is contradicted by a specific prohibition or permission," but it also applies to statutes where a general authorization and a specific authorization "exist side-by-side." *RadLAX*, 566 U.S. at 645. Within the same statute, if a general provision embraces a specific provision, the specific provision is operative while the general only takes effect where the circumstances are not within the specific. *See United States v. Chase*, 135 U.S. 255, 260 (1890).

treatment claim under Section 2511 of the ECPA, and such claim is **DISMISSED WITH PREJUDICE**.

## CONCLUSION

Based,on the foregoing, it is **ORDERED** that Defendant's Partial Motion to Dismiss Plaintiffs' First Amended Complaint [doc. 22] is **GRANTED** and Plaintiffs' claim for invasion of privacy is **DISMISSED WITHOUT PREJUDICE** and Plaintiffs' claim for disparate treatment under 18 U.S.C. § 2520 of the ECPA is **DISMISSED WITH PREJUDICE**.

SIGNED September 30, 2026

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE