**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MYLES REHANA and BRIGID SCHULLERTS,** | § | |
| | § | **Civil Action No. 4:26-CV-238** |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ARLINGTON INDEPENDENT SCHOOL DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

**<u>JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER</u>**

Plaintiffs Myles Rehana and Brigid Schullerts ("Plaintiffs") and Defendant Arlington Independent School District ("Defendant") and move the Court for entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c) and state as follows:

## INTRODUCTION

Plaintiffs and Defendant submit this Motion to provide the requisite factual basis supporting entry of a protective order. The parties are in agreement that due to the sensitive nature of the allegations and underlying facts, this case is appropriate for a protective order.

## GOOD CAUSE EXISTS FOR ENTRY OF A PROTECTIVE ORDER

Federal Rule of Civil Procedure 26(c) authorizes the Court, for good cause, to enter a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Good cause exists because discovery in this matter implicates sensitive, non-public information involving Plaintiffs and potentially other non-parties. This may include, but is not limited to, information relating to sensitive personnel matters and medical documents disclosed during discovery or requested from non-parties.

These materials may contain confidential personal information. Disclosure without appropriate safeguards would risk invasion of privacy, embarrassment, and unnecessary exposure of confidential records. Courts have recognized that such categories of information warrant protection under Rule 26(c).

## III. A PROTECTIVE ORDER IS NECESSARY TO FACILITATE DISCOVERY

Entry of a protective order is also necessary to facilitate the orderly progress of discovery. The parties anticipate discovery to be requested that, by its nature, require intentionality and guardrails in their dissemination. The parties agree that that a protective order is appropriate due to the subject matter of this case to appropriately condition production of sensitive information on the existence of a protective order governing its use and disclosure.

Entry of a protective order will allow the parties to proceed with production and discovery of responsive materials, including medical records while ensuring appropriate safeguards are in place.

## THE PROPOSED ORDER COMPORTS WITH LOCAL RULES

The parties attach as Attachment A the Northern District of Texas standard Protective Order. The parties do not seek to expand or deviate from the Court's standard form. Rather, the parties seek entry of that form order with the benefit of the particularized showing of good cause set forth herein.

## CONCLUSION

For the reasons set forth above, the parties request that the Court enter the proposed protective order attached as Exhibit A. Entry of the protective order will allow the parties to proceed efficiently with discovery while protecting sensitive information consistent with Rule 26(c).

Respectfully submitted,

**Agreed as to form and content on this 1st day of October, 2026.**

Respectfully submitted,

*/s/ Suzanne M. Anderson*
Suzanne M. Anderson
Texas State Bar No. 14009470
sanderson@vkv.law

Valli Kane & Vagnini LLP
1825 Market Center Blvd,
Dallas, TX 75207
(214) 797-9021 (cell)
(516) 203-7180 (phone)
(516) 706-0248 (fax)

**ATTORNEY FOR THE PLAINTIFF**

*/s/ Nicole Blaylock Thomas*
Meredith Prykryl Walker
State Bar No. 24056487
Nicole Blaylock Thomas
WALSH GALLEGOS KYLE
ROBINSON & De LOS SANTOS P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
(214) 574-8800

(214) 574-8801 (facsimile)
mwalker@wabsa.com

ATTORNEYS FOR DEFENDANT
ARLINGTON INDEPENDENT
SCHOOL DISTRICT