IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MYLES REHANA and BRIGID SCHULLERTS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-238-BJ |
| | § | |
| ARLINGTON INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT ARLINGTON INDEPENDENT SCHOOL DISTRICT'S ANSWER TO PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

Defendant Arlington Independent School District (Arlington ISD or the District) files this Answer to Plaintiffs' First Amended Original Complaint (Dkt. 19). On September 30, 2026, the Court granted Defendant's Motion for Partial Dismissal and dismissed Plaintiffs' invasion of privacy claim and Plaintiffs' claim under the Electronic Communications Privacy Act (ECPA), 18 U.S.C. § 2520, with prejudice (Dkt. 39). Arlington ISD therefore responds to the remaining allegations as follows and, in support thereof, would respectfully show the Court as follows:

## I. ANSWER

1. Pursuant to Federal Rule of Civil Procedure 8(b), Arlington ISD denies each and every allegation in Plaintiffs' First Amended Original Complaint, except those allegations specifically admitted below in this section.

2. Arlington ISD lacks information sufficient to form a belief concerning Plaintiffs' current residences or citizenship as stated in paragraphs 9 and 10. Arlington ISD admits that during the course of Plaintiffs' employment with the District, they were citizens of the state of Texas.

3. Arlington ISD admits that it is an independent school district organized under Texas

law and located in Arlington, Texas, and that it employed more than 500 employees during the calendar years 2024 and 2025.

4. Arlington ISD denies Paragraph 13 as written. Arlington ISD admits that Plaintiff Brigid Schullerts commenced full-time employment on or about January 16, 2024, as a Security Corporal. Arlington ISD admits that Plaintiff Myles Rehana commenced full-time employment as a Security Corporal with the District on or about February 13, 2024.

5. Arlington ISD admits that Plaintiff Rehana worked an evening shift and was later assigned to a midnight shift during his employment. The District lacks knowledge or information sufficient to admit the precise hours and timing alleged in Paragraph 15.

6. Arlington ISD admits that Plaintiffs' duties as Security Corporals included patrolling District properties, operating District owned vehicles, performing security inspections, and responding to alarms as dispatched. The District denies the remaining allegations to the extent they exceed or differ from the written job description.

7. Arlington ISD admits that Plaintiffs' duties included operating District vehicles. Defendant lacks knowledge or information sufficient to admit that Plaintiffs spent the majority of every tour of duty in a vehicle or the specific vehicle alleged, as stated in Paragraph 17.

8. Paragraphs 18-20 contain allegations pertaining to Plaintiffs' ECPA and invasion of privacy claims, which were dismissed by the Court's September 30, 2026 Order (Dkt. 39). Accordingly, no further response is required. To the extent Paragraphs 18-20 are incorporated into any remaining claim or a response is otherwise deemed required, Arlington ISD denies the allegations.

9. Arlington ISD lacks knowledge or information sufficient to form a belief as to the allegations concerning Le'Anna Haynes. Defendant specifically denies that Lt. Jayne Rodriguez

subjected Plaintiff Rehana to unwelcome sexual comments, banter or inuendo as alleged in Paragraph 21.

10. Arlington ISD lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 22-27. Arlington ISD states that Le'Anna Haynes is no longer employed with the District.

11. Arlington ISD admits that Lt. Jayne Rodriguez became Plaintiff Rehana's supervisor in or around October 2024. Arlington ISD specifically denies that Lt. Rodriguez thereafter commenced making unwelcome sexual comments to Plaintiff Rehana.

12. Arlington ISD admits that, in connection with a uniform and recruiting project for the Arlington ISD Security Department, Lt. Rodriguez asked Plaintiff Rehana whether he would "model" the full uniform and be a photographed visual example for the recruiting flyers for the Arlington ISD Security Department. Arlington ISD specifically denies the characterizations as "unwelcome sexual comments" as alleged in Paragraph 28 and 29.

13. Arlington ISD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30-31.

14. Arlington ISD admits that on rare and seldom occasions, Plaintiffs Rehana and Schullerts would accompany each other in the same District security vehicle. Arlington ISD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 33-38.

15. Paragraphs 39-40 contain allegations pertaining to Plaintiffs' ECPA and invasion of privacy claims, which were dismissed by the Court's September 30, 2026 Order (Dkt. 39). Accordingly, no further response is required. To the extent Paragraphs 39-40 are incorporated into any remaining claim or a response is otherwise deemed required, Arlington ISD denies the

allegations.

16. Arlington ISD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41.

17. Arlington ISD admits that Plaintiff Rehana went on medical leave beginning December 16, 2024. Defendant lacks knowledge or information sufficient to admit Plaintiffs' characterization of his subjective reasons or symptoms and therefore denies the remaining allegations. Arlington ISD admits that Plaintiff Rehana returned to work on December 24, 2024.

18. Paragraphs 44-48 contain allegations pertaining to Plaintiffs' ECPA and invasion of privacy claims, which were dismissed by the Court's September 30, 2026 Order (Dkt. 39). Accordingly, no further response is required. To the extent Paragraphs 44-48 are incorporated into any remaining claim or a response is otherwise deemed required, Arlington ISD denies the allegations.

19. Defendant admits that Plaintiff Rehana worked in Dispatch after returning from leave on December 24, 2024. Defendant denies Paragraph 50 as stated. Arlington ISD states that Plaintiff Rehana's original fitness-for-duty certification provided that he could begin in Dispatch and advance to patrol if he experienced no side effects from his medication, and that the District later requested and received an updated fitness-for-duty certification from his medical provider. Arlington ISD otherwise denies the allegations in Paragraph 50.

20. Arlington ISD admits that Plaintiff Schullerts was assigned to Dispatch in December 2024 and was again assigned to Dispatch after a January 4, 2025 vehicle incident. Arlington ISD specifically denies that the assignments were because of disability or retaliation. Arlington ISD lacks knowledge or information sufficient to form a belief as to the alleged effects of the assignment on Plaintiff Schullerts' medical conditions and therefore denies the remaining

allegations.

21. Arlington ISD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52-53.

22. Arlington ISD admits that Plaintiffs were placed on District-Initiated Leave without pay on March 7, 2025, pending investigation of allegations of misconduct. Defendant denies the characterization that the investigation was purported and otherwise denies the allegations.

23. Arlington ISD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

24. Paragraph 56 contains allegations pertaining to Plaintiffs' ECPA and invasion of privacy claims, which were dismissed by the Court's September 30, 2026 Order (Dkt. 39). Accordingly, no further response is required. To the extent Paragraph 56 is incorporated into any remaining claim or a response is otherwise deemed required, Arlington ISD denies the allegations.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57.

26. Paragraphs 58-59 contain allegations pertaining to Plaintiffs' ECPA and invasion of privacy claims, which were dismissed by the Court's September 30, 2026 Order (Dkt. 39). Accordingly, no further response is required. To the extent Paragraphs 58-59 are incorporated into any remaining claim or a response is otherwise deemed required, Arlington ISD denies the allegations.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 60-61.

28. Arlington ISD specifically denies that Plaintiffs were constructively discharged in April 2025, rather Plaintiff Rehana resigned effective April 28, 2025, and Plaintiff Schullerts

resigned effective May 13, 2025.

29. Defendant admits that Plaintiffs sought unemployment benefits. The Texas Workforce Commission records speak for themselves as to the determinations made in those proceedings. Arlington ISD denies any characterization of those determinations inconsistent with their terms as stated in paragraph 63.

30. Arlington ISD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64-65.

31. Arlington ISD admits that Plaintiff Rehana was on approved Temporary Disability Leave from December 16 through December 23, 2024. Arlington ISD lacks knowledge or information sufficient to form a belief as to the alleged medical treatment, prescription duration, or effect of medication and therefore denies the remaining allegations.

32. Arlington ISD admits that the District received a fitness-for-duty certification concerning Plaintiff Rehana stating that he could begin in Dispatch and advance to patrol if he experienced no side effects, including drowsiness, from his medication. Arlington ISD lacks knowledge or information sufficient to admit that Plaintiff Rehana personally submitted the paperwork to Sgt. Villalobos as alleged and therefore denies the remaining allegations.

33. Arlington ISD admits that Plaintiff Rehana returned to work on December 24, 2024, and was assigned to Dispatch consistent with the fitness-for-duty information then available to the District. Arlington ISD denies the remaining allegations in Paragraph 68.

34. Arlington ISD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69-72.

35. Arlington ISD admits that, on or around February 14, 2025, Lt. Rodriguez emailed Plaintiff Rehana asking whether he had submitted an updated fitness-for-duty certification so that

he could be returned to patrol. Arlington ISD lacks knowledge or information sufficient to admit Rehana's alleged prior statements concerning his medication and therefore denies the remaining allegations in Paragraph 73.

36. Arlington ISD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74

37. Arlington ISD admits that Plaintiff Rehana filed an EEOC Charge of Discrimination on or about February 20, 2025, identified as Charge No. 450-2025-04281, and that Arlington ISD received notice of the charge.

38. Arlington ISD admits that, on or around February 20, 2025, Plaintiff Rehana was asked to submit an updated fitness-for-duty certification.

39. Arlington ISD admits that the District received an updated fitness-for-duty certification on or about February 27, 2025, reflecting that Plaintiff Rehana could return to work without restrictions.

40. Arlington ISD admits that, after receiving confirmation of Plaintiff Rehana's updated fitness-for-duty status in early March 2025, Lt. Rodriguez informed him that his first patrol rotation would be March 7, 2025.

41. Arlington ISD admits that Plaintiff Rehana was placed on District-Initiated Leave without pay on March 7, 2025, before returning to patrol, pending investigation of allegations of misconduct. Arlington ISD lacks knowledge or information sufficient to admit the specific statements attributed to Dolloress Johnson and therefore denies the remaining allegations in Paragraph 79.

42. Arlington ISD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81-82.

43. Arlington ISD admits that Plaintiff Rehana remained on unpaid District-Initiated Leave and later applied for unemployment benefits. Arlington ISD lacks knowledge or information sufficient to admit the remaining allegations in paragraph 83 and therefore denies them.

44. Arlington ISD admits that the Texas Workforce Commission issued a determination dated April 14, 2025, allowing Plaintiff Rehana to receive benefits and stating that the incident for which it considered him fired was not misconduct connected with the work. Arlington ISD denies that Plaintiff Rehana had been terminated by the District as of that date. The TWC determination otherwise speaks for itself.

45. Arlington ISD admits that it submitted an appeal of the TWC decision and a hearing was set for April 28, 2025.

46. Arlington ISD admits that James Fickens emailed Plaintiff Rehana on April 23, 2025, directing him to attend a meeting on April 24, 2025, and that Plaintiff Rehana did not attend that meeting. Arlington ISD lacks knowledge or information sufficient to form a belief as to Plaintiff Rehana's subjective reason for not attending and therefore denies the remaining allegations in Paragraph 86.

47. Arlington ISD admits that a TWC appeal hearing concerning Plaintiff Rehana was held on April 28, 2025. The TWC records speak for themselves as to the subsequent disposition of the unemployment proceedings.

48. Arlington ISD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88-89.

49. Arlington ISD admits that Plaintiff Schullerts was reassigned to Dispatch in December 2024. Arlington ISD lacks knowledge or information sufficient to admit the alleged physical requirements of the assignment or the number of steps she took while on patrol and

therefore denies the remaining allegations in Paragraph 90.

50. Arlington ISD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

51. Arlington ISD admits that Plaintiff Schullerts was scheduled to return to patrol on January 4, 2025. Arlington ISD lacks knowledge or information sufficient to form a belief as to the alleged reason for any December 25, 2024 absence and therefore denies the remaining allegations in Paragraph 92.

52. Arlington ISD admits that Plaintiff Schullerts was involved in a vehicle incident on January 4, 2025, and that the incident was documented and reviewed. Arlington ISD lacks knowledge or information sufficient to admit the specific statements attributed to Sgt. Villalobos and therefore denies the remaining allegations.

53. Arlington ISD admits that, following the January 4, 2025 vehicle incident, Plaintiff Schullerts was reassigned to Dispatch and remained there through February 2025 while the incident was reviewed.

54. Arlington ISD lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95-99.

55. Arlington ISD admits that on a date uncertain, Tina Baze spoke with Plaintiff Schullerts. Arlington ISD denies that Ms. Baze's supervisor participated in the conversation. Defendant denies the remaining allegations in Paragraph 100.

56. Arlington ISD admits that, on February 25, 2025, Lt. Rodriguez emailed Plaintiff Schullerts directing her not to contact Risk Management and informed her that she had been approved to return to patrol beginning March 7, 2025.

57. Arlington ISD admits that Plaintiff Schullerts was placed on District-Initiated

Leave without pay on March 7, 2025, pending investigation of allegations of misconduct. Arlington ISD denies the characterization that the allegations were purported and otherwise denies the allegations in Paragraph 102.

58. Arlington ISD admits that Plaintiff Schullerts applied for unemployment benefits in April 2025 and that the TWC issued a determination dated April 16, 2025, allowing benefits. Arlington ISD denies that Plaintiff Schullerts had been terminated by the District as of that date. The TWC determination otherwise speaks for itself.

59. Arlington ISD admits that it appealed the TWC determination and that the Appeal Tribunal later affirmed Plaintiff Schullerts' eligibility for benefits. Defendant denies the characterization in Paragraph 105 that the TWC found there was "no support for the allegations of misconduct." The District states that the TWC decision speaks for itself.

60. Arlington ISD denies that Plaintiffs were subjected to disability discrimination, retaliation, a failure to accommodate, an unlawful interception of communications, an actionable invasion of privacy, or constructive discharge as alleged in paragraphs 106 through 135. Arlington ISD further denies that Plaintiffs exhausted any allegation, claim, or theory falling outside the scope of their respective administrative charges or that Plaintiffs are entitled to a jury trial on any matter for which no such right exists.

61. Any other allegation Arlington ISD has not specifically admitted herein that was made by Plaintiffs in their First Amended Complaint and to which a response is required is expressly denied.

## II. <u>ENTITLEMENTS AND DEFENSES</u>

62. Arlington ISD specifically denies any liability in this case under any of the theories of recovery articulated by Plaintiffs and further denies Plaintiffs are entitled to any of the relief

requested in the First Amended Complaint.

63. Arlington ISD asserts the Court lacks subject matter jurisdiction over Plaintiffs' claims to the extent Plaintiffs failed to exhaust their administrative remedies for any claims asserted under the Texas Labor Code.

64. Arlington ISD asserts Plaintiffs cannot maintain their claims to the extent Plaintiffs failed to exhaust their administrative remedies with the Equal Employment Opportunity Commission.

65. Arlington ISD asserts Plaintiffs' claims are barred by the relevant statute of limitations or are otherwise time-barred.

66. Arlington ISD asserts there were legitimate, non-discriminatory and legitimate non-retaliatory reasons for the employment action(s) being challenged in the First Amended Complaint.

67. Arlington ISD asserts it acted in good faith and with a reasonable belief its actions relevant to this lawsuit were in compliance with the Constitution and the laws of the United States and the state of Texas.

68. Arlington ISD asserts any challenged employment action(s) would have been taken regardless of any discriminatory and/or retaliatory factor (any discriminatory and/or retaliatory factors being specifically denied by the District).

69. Arlington ISD assets Plaintiffs are not entitled to any of the relief demanded in their pleadings or entitled to damages or costs in any amount. The District further asserts all statutory limitations of liability and all statutory limitations of damages and/or caps applicable to this case.

70. Arlington ISD asserts its right to mitigation of damages and, to the extent Plaintiffs failed to mitigate their damages, their damages, if any, should be adjusted accordingly.

71. To the extent such is or may become applicable, Arlington ISD claims its

entitlement to the defenses of mootness, ripeness, standing, waiver, estoppel, laches, collateral estoppel, res judicata, statute of limitations, failure to exhaust administrative remedies, and after acquired evidence for all claims asserted against it.

72. To the extent such is or may become applicable, Arlington ISD claims its entitlement to the Faragher-Ellerth affirmative defense against any sexual harassment claims. More specifically, the District intends to assert it took reasonable steps to prevent and promptly correct sexual harassment in the workplace, and Plaintiffs unreasonably failed to take advantage of its preventive or corrective measures.

73. Arlington ISD reserves the right to claim its entitlement to recover attorneys' fees and costs of suit if deemed warranted by the Court pursuant to applicable federal and state law, the Federal Rules of Civil Procedure, and judicial interpretation.

74. Arlington ISD asserts the right to raise additional defenses that become apparent throughout the factual development of this case.

WHEREFORE, PREMISES CONSIDERED, Arlington ISD respectfully requests the Court: (i) deny Plaintiffs any and all relief demanded in the First Amended Original Complaint; (ii) order that Plaintiffs take nothing; (iii) grant judgment against Plaintiffs; (iv) and grant Arlington ISD any and all additional relief to which it may be justly entitled, including its attorneys' fees if determined warranted by the Court under the Federal Rules of Civil Procedure, or judicial interpretation.

Respectfully submitted,

By: /s/ Meredith Prykryl Walker

Meredith Prykryl Walker
State Bar No. 24056487
Nicole Blaylock Thomas
State Bar No. 24149603

WALSH GALLEGOS KYLE
ROBINSON & DE LOS SANTOS P.C.
105 Decker Court, Suite 700
Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com
nblaylockthomas@wabsa.com

ATTORNEYS FOR DEFENDANT
ARLINGTON INDEPENDENT
SCHOOL DISTRICT

**CERTIFICATE OF SERVICE**

On October 5, 2026, I submitted the foregoing document to the clerk of court for the United States District Court, Northern District of Texas. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Suzanne Anderson
Valli Kane & Vagnini LLP

/s/ Meredith Prykryl Walker
Meredith Prykryl Walker